## ANN EDELEN *vs.* BENNET GOUGH.—*June*, 1849.

Upon the true construction of the act of 1797, ch. 57, either party may challenge a juror for cause before he is sworn, whether he has or has not exercised his statutory right of striking four names peremptorily from the panel.

In an action upon a single bill which recited: "On a settlement this day of *H's* two notes due *B*, (amounting to, &c.,) I fall in his debt $406.46, which sum I hereby promise and oblige myself, my heirs, &c., to pay to *B*, or order, for value received," to which *non est factum* was pleaded, the defendant cannot give in evidence that *H* died some twenty years since, and was not related to the defendant in blood or estate, though connected with the opinion of a witness, familiar with the handwriting of the defendant, that the signature to the single bill was not genuine. Such evidence is irrelevant to the issue, and would tend to mislead the jury.

Appeal from *Saint Mary's* county court.

This was an action of debt brought by the appellee against the appellant, on the 19th of February, 1845, upon her single bill for $406.46. The plea was *non est factum*, upon which issue was joined. Upon the first trial of this case, there was an appeal taken by the defendant, which is reported in 5 *Gill*, 103. This court, upon that appeal, reversed the judgment of the court below, and awarded a *procedendo*. At the trial under this writ, there was the same plea and issue; but before any juror was sworn, the defendant moved the court, as preliminary to such swearing, that the several jurors should be asked whether they had formed and expressed an opinion upon the merits of this case. Which the court (KEY, A. J.,) refused to do, the defendant having struck four jurors from the full panel, directed in such cases. To this refusal the defendant excepted.

2ND EXCEPTION. In the further trial, the plaintiff offered to prove, by *William J. Edelen,* a competent witness, that he had seen the defendant write, and that from his knowledge of her handwriting, he believed the signature to the cause of action to be genuine. Upon cross-examination, witness stated that he had seen the defendant write her name to a receipt on a bond in February, 1846, (which bond he produced;) that although two other receipts had been entered on the bond, he had no distinct recollection of seeing the defendant sign her name to either. That the body of the receipts is not in his handwriting, nor does he know by whom they were written. That he has an impression that he has seen the defendant write at other times than February, 1846; but cannot distinctly state that he ever did see her write, except upon the occasion of signing the aforesaid receipt. That his belief of the genuineness of the disputed signature is derived from this impression of having seen her write previous to 1846, and from the resemblance between the signature to the receipt given by her, before spoken of, in 1846, and the disputed one, and from his knowledge and recollection of her handwriting, from having seen her sign her name to said receipt, on which occasion he

very particularly noticed her handwriting. To which testimony, on the whole, for the purpose of proving the genuineness of the signature to the cause of action, the defendant objected; but the court overruled the objection, and permitted the evidence to go the jury, to be weighed by them. To this decision the defendant excepted.

3RD EXCEPTION. The defendant then offered to prove, by *Benedict Gough*, a competent witness, that he is familiar with the handwriting of the defendant; has seen her write before, and, perhaps, more frequently than any one in the county; has been familiar with her handwriting for six or seven years, and, from his knowledge of her handwriting, he does not believe the signature in dispute to be genuine. The defendant then further offered to prove, by the same witness, that *Henry A. Edelen*, whose name is mentioned in said single bill, as the party drawing and owing the two notes stated therein, died some twenty years since, and that he was not connected with the said defendant in blood or estate, as a circumstance to go to the jury with the testimony already given, under the issue of *non est factum;* but the court refused to permit any of the testimony offered in relation to *Henry A. Edelen* to go to the jury. The defendant excepted, and the verdict and judgment being against her, appealed to this court.

The cause was argued before DORSEY, C. J., CHAMBERS, MARTIN and FRICK, J.

By PRATT, for the appellant, and
By THOS. S. ALEXANDER, for the appellee.

MARTIN, J., delivered the opinion of this court.

It appears from the record in this case, that at the trial of the cause below, the defendant, before any juror had been sworn, and after he had stricken four names from the panel delivered to him, moved the court that the several jurors, before they were sworn to try the issue, should be asked whether they had formed and expressed an opinion as to the merits of the case;

and the court overruled the motion, upon the ground that the defendant had previously stricken four names from the panel.

We think the court erred in overruling the motion of the defendant. No objection was interposed by the plaintiff, and the prayer of the defendant was preferred to the court, upon the supposition that the plaintiff either had or would exercise his statutory privilege of striking peremptorily four names from the panel which had been delivered to him. The object of the defendant was to exclude from the list of jurors, after each party had stricken four names, those who had formed and expressed an opinion with respect to the merits of the case. This was his undoubted privilege, upon the true construction of the act of Assembly of 1797, ch. 57, as expounded by the Court of Appeals, in the case of *Lee* against *Peter*, 6 *Gill & John.*, 447. If one or more of the jurors remaining on the panel, after each party had exercised his statutory right of striking four names from the list of twenty, had been rejected as incompetent, their places should have been supplied by further draughts from the ballot-box, or, if necessary, by a *tales*. For example, if six jurors had been sworn to try the cause, and six rejected for favor, or any other legitimate reason, ten more jurors would have been drawn, and so in proportion, until an impartial jury was obtained. We desire it to be understood as our opinion, that either party may challenge a juror, for cause, before he is sworn, whether he has or has not exercised his statutory right of striking four names peremptorily from the panel.

It appears from the facts exhibited in the *second* exception, that the plaintiff, to support the issue joined by him on the plea of *non est factum*, proved by a witness, that he had seen the defendant write her name on one occasion in 1846, and that from his knowledge of her handwriting, he believed the signature to the cause of action offered in evidence to be genuine. The testimony was objected to by the counsel for the appellant, as inadmissible to prove that the signature in controversy was in the defendant's handwriting. The evidence was properly received by the court. The witness who had seen the defen-

dant write, although but once, was competent to speak with respect to the genuineness of the disputed signature, as the opinion which he formed and communicated to the jury was formed, as he states in his testimony, upon knowledge of the general character of her handwriting thus acquired. A similar question has been decided by this court at its present term, in the case of *Smith vs. Walton, ante p.* 77.

The court below were correct, we think, in rejecting the testimony offered by the defendant in relation to *Henry A. Edelen,* as detailed in the third bill of exceptions. We find from the record, that when this case was first tried in the court below, the defendant offered to read in evidence to the jury the administration accounts of *Henry A. Edelen,* showing a settlement and overpayment of the debts before the date of the writing obligatory, upon which the suit was instituted, and that he was not related to the defendant in blood, or connected with her in estate, as a circumstance to be weighed by the jury, upon the issues in the case. This evidence was rejected by the county court, as illegal and incompetent. The decision was affirmed by the Court of Appeals on the former appeal, and when considering the question of its admissibility, they said: "It was, in its nature, so remote and irrelevant to the matter in issue in the cause, that its effect would most probably have been to bewilder and mislead the jury, and would have opened a door by which the jury might have been involved in the trial of a complication of issues, the finding of which would have had no bearing on the questions which the jury were sworn to try." 5 *Gill,* 108. The same testimony has been again offered in connection with the opinion of a witness who stated that he was familiar with the handwriting of the defendant, and that, in his opinion, the signature to the paper in controversy was not in her handwriting, and that *Henry A. Edelen,* who is named in the single bill on which the suit is brought, died some twenty years since. This testimony was, we thing, properly rejected, so far as it related to *Henry A. Edelen.* For it must be obvious, that the objection to that portion of the evidence ruled to be inadmissible on the former

appeal, upon the ground of its intrinsic remoteness and irrelevancy, would not be obviated by the superadded testimony which it was proposed to introduce into the cause.

We reverse the opinion of the county court, as expressed in the first exception, and affirm their opinions in the second and third exceptions.

JUDGMENT REVERSED, AND

PROCEDENDO AWARDED.