## George Bell, alias George W. Kimball vs. The State of Maryland.

*Forging and Uttering a Forged Check—Admissibility of Evidence—First Exception—Act of 1872, ch. 316—Record of Acquittal on a Previous Prosecution—Argument of Counsel before the Jury—Instruction to the Jury—Art. 15, sec. 5, of the Constitution.*

At the trial of B., in the Circuit Court below, (on removal from the Criminal Court of Baltimore,) indicted for forging a check with intent to defraud; with uttering it with intent to defraud; with forging it with intent to defraud the M. N. Bank, and with uttering it with intent to defraud the M. N. Bank, the State proved by M., the paying teller of the Bank, that shortly after 3 o'clock on the 16th July, 1880, a man, who M. testified, was B. entered the bank and presented at the desk of the paying teller, where M. was standing, the check described in the indictment, and said, "I am a little late;" to which M. replied, "yes, you are late;" and the person then said, "I have sold some bonds to Mr. F., and I would be obliged, if you would accommodate me by giving me large money for the check, as I have some money to pay up street;" that M. replied, that he had no large money, and then paid him the amount of the check from money in the drawer, consisting principally of ten dollar notes. The State then offered to prove by M., that on the following day, the 17th July, the same person came to the bank in the morning, during banking hours, and presented another check, similar, except in its amount, to that which had been presented by him and paid the previous day. and remarked, "I am not too late to-day," to which M. replied, "no, you are not late to-day," the person then stated, that he had sold some more bonds to Mr. F., and again requested, that he might be paid in large money; and M. went to the vault, obtained large notes and paid the amount of the check. The State then offered to prove, that this second check, as also that which was presented and paid the day previous, was a forgery. B. objected to the admissibility of the conversation, and anything connected with the presentation and payment of the second check, and the proof

Bell, *alias* Kimball *vs.* The State.

that it was a forgery, because B. had been indicted and tried before a jury and acquitted in the Criminal Court, for forging and uttering said check, contending, that his acquittal was conclusive of the fact, either that the check was not forged, or that B. was not the person, who presented it for payment and obtained the money thereon, and that the State was estopped by that acquittal from showing the facts then offered to be proved in the case; and in support of his objection, he offered to prove to the Court, by oral evidence, that upon the said trial in the Criminal Court, M. testified, that B. was the person who presented the second check for payment, and had identified him as such person, and that the whole case was tried and argued to the jury upon the question of identification as then proved by M., and that upon such trial and argument, the jury, in that case, rendered a verdict of acquittal. The Court below refused to hear the oral evidence thus tendered by B., overruled his objection to the evidence offered by the State, and permitted it to be given to the jury. On exception, it was HELD:

1st. That the Court below was right within the meaning of the Act of 1872, ch. 316, sec. 2.

2nd. That the question of admissibility of evidence having arisen upon a first exception, this Court cannot look at any other bill of exceptions for the purpose of supplying facts not contained in the first.

3rd. That the statements of reasons for the Court's ruling, and intimations of what its ruling would be on the offer of certain record evidence, formed no part of the ruling of the Court below, and could not be made the subject of exception, and were not the subject of review in this Court.

The State further proved by M., the facts stated in its offer in the first exception regarding the presentation and payment of the second check of the 17th July, and that B. was the party who presented both checks, and received the money therefor, and then proved by Mr. F. and Mr. O., that both checks were forgeries and that the name of Mr. F. thereon was forged, and also offered other evidence tending to prove the guilt of B., and then closed. B. then, under permission of the Court, as stated in the first exception, offered in evidence the record of acquittal of B., *alias* K., on an indictment in the Criminal Court for forging and uttering the check of the 17th July, 1880, and then closed. In arguing the case before the jury, B's counsel contended, that the record of acquittal

was conclusive of the case then on trial; that it was conclusive of the fact that B. was not the party who passed, uttered or forged the check of the 17th July; that the State was estopped by such acquittal from contending in this case, that such was not the law; and that the jury being the judges of the law as well as of fact in criminal cases, they had the right; and were bound to receive and regard said record of acquittal as thus conclusive and the State as thus estopped. The Court below, on objection made to such argument, interposed and refused to permit B's counsel so to argue, upon the ground that they had expressly decided, as stated in the first exception, that it was competent for the State, on this trial, to prove that said second check was a forgery, and was passed and uttered by B.; and that said record of acquittal was not admitted in evidence, nor allowed to go to the jury, for the purpose of having any such conclusive effect, but only for the purpose of affecting the weight or credibility of the evidence against B. On exception to the Court's refusal to permit B's counsel to argue as above stated it was HELD :

That the Court below was right; and that it had a right to state to the jury the legal effect of evidence introduced and submitted to their consideration;.and B's counsel not having excepted to such statement, it became the law of the case.

If a jury should disregard an instruction in a criminal case and convict, the act can be remedied by granting a new trial. But if they should acquit in disregard of it, there seems to be no remedy.

APPEAL from the Circuit Court for Howard County, on removal from the Criminal Court of Baltimore.

The appellant was indicted in the Criminal Court of Baltimore, for forging an order for the payment of money purporting to be signed *p. p.* J. Harmanus Fisher, H. A. Orrick, and to be drawn upon the Merchants' National Bank, payable to the order of George W. Kimball, and to be dated at Baltimore on the 16th July, 1880, and to be endorsed by George W. Kimball, and for uttering the same, as set forth in the opinion of the Court; in which opinion the case is further stated.

*First Exception.*—The reasons for the ruling of the Court below are set forth in this exception, (which is

stated in the opinion,) as follows: The Court was of opinion that upon the present trial it was competent to the State, for the purpose of proving guilty knowledge, to show that the prisoner, at or about the same time, had uttered other forged checks, and that the State was not precluded from offering such testimony by the fact that the prisoner had been indicted, tried and acquitted of forging and uttering such other forged paper ; and they were also of opinion, that they could not receive the oral testimony proposed by the prisoner's counsel, as to the ground upon which said former case was tried and argued, and the verdict of acquittal rendered, but were of opinion, (in accordance with the views expressed in some of the authorities cited by counsel for the State,) that it would be competent for the prisoner, and they would allow his counsel to offer in evidence, in his defence, the record of his acquittal in the former case, but for the purpose only of affecting the weight and credibility of the evidence of identity that may be produced against him on his present trial, and the weight of other evidence that may be produced tending to show him to be guilty of the crime for which he is now indicted and under trial. Having expressed this opinion, after the question had been fully argued by counsel on both sides, the Court overruled the objection of the prisoner's counsel, and ruled :

First. That it was competent for the State to give in evidence the conversation between the witness Morris, and the party who presented the second check on the 17th of July, and which took place on that occasion in the bank, and in the presence of said witness, in reference to its presentation and payment, irrespective of the question, whether the prisoner had been acquitted of forging and uttering that check or not.

Second. That it was also competent for the State on this trial, to offer evidence tending to show that said second check was a forgery, and was presented to the wit-

ness Morris, for payment on the 17th of July by the prisoner, and that he was paid the money therefor by said witness, notwithstanding the prisoner had been tried and acquitted of forging and uttering that check.

Third.   That the Court would not, in determining the question of the admissibility of the evidence, mentioned in either the said first or second rulings, receive or consider the said oral testimony offered by the prisoner's counsel, as to the ground upon which the said case in the Criminal Court was tried and argued, and the verdict of acquittal rendered, and refused to receive and consider the same.   To these several rulings, and to each of them severally, and to each and every part of each of them, the prisoner, by his counsel, excepted.

*Second Exception.*—This exception is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ROBINSON, IRVING and RITCHIE, J.

*Isidor Rayner* and *W. H. Whyte,* for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore, and the case was removed to the Circuit Court for Howard County for trial.   The indictment contains four counts ; the first charging the appellant with forging a check with intent to defraud ; the second with uttering it with intent to defraud ; the third with forging it with intent to defraud the Merchants' National Bank, and the fourth with uttering it with intent to defraud the Merchants' National Bank.   The appellant pleaded not guilty, and the jury having found a verdict of guilty, he took this appeal for the purpose of having the rulings of

the Court below, set out in the two exceptions taken by him, reviewed by this Court.

The State proved by Thomas H. Morris, the paying teller of the bank, that, shortly after three o'clock on the 16th day of July, 1880, a man, who the witness testified was the appellant, entered the bank and presented at the desk of the paying teller, where witness was standing, the check described in the indictment, and said, "I am a little late;" to which witness replied "yes, you are late;" and the person then said, "I have sold some bonds to Mr. Fisher, and I would be obliged if you would accommodate me by giving me large money for the check as I have some money to pay up street;" that witness replied that he had no large money, and then paid him the amount of the check from money in the drawer, consisting principally of ten dollar notes. The State then offered to prove by the same witness, that, on the following day, the 17th day of July, the same party came to the bank in the morning, during banking hours, and presented another check, similar, except in its amount, to that which had been presented by him and paid the previous day, and remarked, "I am not late to-day;" to which witness replied, " no, you are not late to-day." The party then stated that he had sold some more bonds to Mr. Fisher, and again made the request that he might be paid in large money ; and the witness went to the vault, obtained large notes and paid the amount of the check. The State then offered to prove that this second check, as also that which was presented and paid the day previously, was a forgery. The appellant, by his counsel, objected to the admissibility of the conversation, and everything connected with the presentation and payment of the second check and the proof that it was forged, because the appellant had been indicted and tried before a jury and acquitted in the Criminal Court of Baltimore, for forging and uttering said check; contending, in support of

said objection, that his acquittal was conclusive of the fact either that the check was not forged, or that the appellant was not the party who presented it for payment and obtained the money thereon, and that the State was estopped by that acquittal from showing the facts then offered to be proved in this case; and, in support of his objection, he offered to prove to the Court, by oral evidence, that upon the said trial in the Criminal Court, the witness, Morris, testified that the appellant was the person who presented the second check for payment, and had identified him as such person, and that the whole case was tried and argued to the jury upon the question of identification as then proved by this witness, and that upon such trial and argument the jury in that case rendered a verdict of acquittal. But the Court refused to hear the oral evidence thus tendered by the appellant, overruled his objection to the evidence offered by the State, and permitted it to be given to the jury, and this ruling is the ground of the first exception.

The proof, as offered by the State was clearly admissible. If it can be shown that a party indicted for uttering forged paper upon a bank, has, within a short period of time passed other forged paper on the same bank, it is plain that such repeated utterings show a plan to defraud the bank, and in such case each uttering is admissible in evidence, as tending to prove the intent with which each uttering is committed. *Whart. Cr. Ev.*, sec. 43; *Queen vs. Francis*, 12 *Cox's C. C.*, 612. It is not often possible to prove by positive and direct evidence that a party who utters a forged paper, has a knowledge that it is forged. When it has been proved that the party charged has done the act for which he is indicted, the question still remains, whether he committed it with guilty knowledge or whether he acted under a mistake; and evidence which tends to prove that he was pursuing a course of similar acts, raises a presumption that he was not acting under

a mistake, but with a guilty knowledge and intent, and is admissible for that purpose. *Roscoe's Cr. Ev.*, 7th *Amer. Ed.*, 93 ; *Queen vs. Francis*, 2 *Cox's Cr. Reps.*, 131, 132 ; *Whileys and Haines' Case*, 2 *Leach*, 985 ; *Bishop and Helm vs. State*, 55 *Md.; Bloomer vs. State*, 48 *Md.*, 529.   Innumerable cases might be cited to the same point but those to which we have referred are sufficient.   Such evidence is admissible notwithstanding the party may have been indicted for such other acts.   1 *Whart. Cr. Law*, (8th *Ed.*,) sec. 715 ; *State vs. Williams*, 2 *Richardson*, 418 ; *State vs. McAllister*, 24 *Maine*, 139 ; *Commonwealth vs. Perceval, Thacher's Cr. Cases*, 293 ; *Commonwealth vs. Price*, 10 *Gray*, 476 ; *Hendrick vs. Commonwealth*, 5 *Leigh.*, 707 ; *Rex vs. Smith*, 4 *Car. & Payne*, 411.   The record does not show that any record of the case was offered by the appellant for the purpose of proving that he had been tried and acquitted of the charge of having passed the check on the 17th July, 1880.   The only legal proof of his acquittal would have been a record of the proceedings in the case from the Criminal Court of Baltimore.   This bill of exception does not disclose the fact that any record from the Criminal Court of such acquittal had been offered in evidence at the time this exception was taken.   The objection to the proof offered by the State was therefore properly overruled.   *Mackey vs. Easton*, 19 *Wallace*, 632 ; *Davisson vs. Gardiner*, 10 *N. J. Law*, 289 ; *Thelluson vs. Sheeden*, 5 *Bos. & Pul.*, 228 ; *Lessee of James vs. Stocky*, 1 *Wash. C. C. R.*, 332.   The question of the admissibility of this evidence arises upon the *first* exception, which cannot refer to or make any subsequent bill of exceptions a part of it, and, therefore the Court cannot look at any other bill of exceptions for the purpose of supplying facts not contained in the first.   *Walsh vs. Gilmor*, 3 *H. & J.*, 409, 410.   On the state of the case as contained in the first exception, the Court below was clearly right in overruling the appellant's objection to the evidence offered by

the State.    The only ruling made by the Court below in this exception, within the meaning of the Act of 1872, ch. 316, sec. 2, was the overruling of the objection which was made by the appellant to the proof offered by the State.    What are termed in the exception as the "other rulings," are nothing more than a statement of the reasons of the Court for making the ruling it did make, and an intimation of what its ruling would be with respect to the effect and bearing of the record of the appellant's trial and acquittal in the Criminal Court when it should be thereafter offered in evidence.    Such reasons and intimations formed no part of the *ruling* of the Court, and cannot be made the subject of exception, and are not the subject of review in this Court.

But even if the appellant had, in fact, offered in evidence the record of the appellant's acquittal, and had proved that the appellant was the same party who had been so acquitted, we cannot perceive that the Court below committed any error in overruling the objection, and admitting the evidence offered by the State.    An acquittal of a party does not ascertain or determine any precise facts.    It may have resulted from an insufficiency of evidence as to some particular fact, where several facts are necessary ingredients of the crime.    2 *Cowen's Phill. Ev.,* (*4th Amer. Ed.,*) 55, 56; *Roscoe's Cr. Ev.,* 14*th Ed.,* 194.

Such an acquittal upon an indictment for uttering a forged check, would not necessarily negative the fact that the check was forged, if in fact it was forged; nor the possession by the party of the forged paper, for the uttering of which he was indicted; nor that he uttered the forged paper for value.    All these facts may have been found to be true, and yet the party may have been acquitted because of the absence of proof of such facts and circumstances, as were necessary to show that the accused uttered the forged paper with *intent to defraud.* The verdict of acquittal may have resulted from the fact that

Bell, *alias* Kimball *vs.* The State.

the jury could not, upon the evidence before them, find *all* the facts, which must exist and be proved, in order to constitute the crime of having forged, or uttered forged paper. The ground of such an acquittal can only be inferred by argument upon the judgment of acquittal. 2 *Taylor's Ev.*, (6*th Eng. Ed.*,) *sec.* 1520. In such a case the principle of *estoppel* is not applicable, because it does not appear that the genuineness of the check of July 17, for forging and uttering which the accused had been acquitted, or his possession of said check, or his having parted with it for value, had been distinctly put in issue, and passed upon by the jury in that case. *Cecil vs. Cecil*, 19 *Md.*, 78, 79 ; *Whitehurst vs. Rogers*, 38 *Md.*, 512. Notwithstanding such acquittal, the possession of the check, its forgery, and the uttering of it for value by the accused, might be used as evidence to explain his conduct, and show his intent in any other case in a Court of justice, involving a charge against him of the same character, without putting him in danger of another trial by reason of such possession or use. His acquittal would still leave in force the general rule, that the possession or uttering of other forged paper about the same time of the uttering of a particular forged paper, for the uttering of which he is on trial, is a circumstance admissible in evidence against him for the purpose of showing the *intent* with which the accused uttered the latter. *Cooper vs. Utterzook*, 37 *Md.*, 312, 313.

It has frequently been decided, that an acquittal of forging, or uttering a particular forged paper, will not preclude the State from proving the fact of the possession or the uttering of such forged paper in another prosecution against the same party for a crime of the same character. This principle was fully recognized and applied in the following cases: *Smith vs. Dougherty*, 4 *City Hall* (*N. Y.*,) *Recorder*, 167, 168 ; *Smith vs. Houston*, 1 *Bailey*, (*S. C.*) *Reps.*, 300 ; *McCartney vs. State*, 3 *Ind.*, 354 ; *State vs. Jesse*, 3 *Dev. & Batt. Law*, 103, 108, 109 ; *People vs.*

*Frank,* 28 *Cal.,* 515; *Vandercomb's Case,* 2 *Leach,* 720; *State vs. Robinson and Chittenden,* 10 *N. J. Law,* 508, 509, 513, 514; *U. States vs. Randenbush,* 8 *Peters,* 289, 290.

After the evidence contained in the first exception, the State further proved by Morris, the facts stated in its offer in the first exception, regarding the presentation and pay- ment of the second check of July 17th, and that the appellant was the party who presented both checks, and received the money therefor, and then proved by Mr. Fisher and Mr. Orrick that both checks were forgeries, and that the name of Mr. Fisher thereon was forged, and also offered other evidence tending to prove the guilt of the appellant, and then closed its case.

The appellant, by his counsel, then under permission of the Court as stated in the first exception, offered in evidence the record of acquittal of George Bell, *alias* George W. Kimball, on an indictment in the Criminal Court of Baltimore, for forging and uttering the check of the 17th July, 1880, and then closed. In arguing the case before the jury, the counsel of the appellant contended that the record of acquittal was *conclusive* of the case then on trial, that it was conclusive of the fact that the appellant was not the party who passed, uttered or forged the check of July 17; that the State was estopped by such acquittal from contending in this case, that such was not the law; and that the jury being the judges of the law, as well as of fact in criminal cases, they had the right, and were bound to receive and regard said record of acquittal as thus conclusive, and the State as thus estopped. The Court, upon objection being made to such argument, interposed and refused to permit the counsel for the appellant so to argue, upon the ground that they had expressly decided, as stated in the first exception, that it was competent for the State on this trial, to prove that said second check was a forgery, and was passed and uttered by the prisoner, and that said record of acquittal

was not admitted in evidence, nor allowed to go to the
jury, for the purpose of having any such conclusive effect,
but only for the purpose of affecting the weight or credi-
bility of the evidence against the prisoner.   To the
Court's refusal to permit the counsel of the appellant to
so argue to the jury, the second exception was taken.
The Court below was perfectly right, either upon the
suggestion of the State's attorney, or *sua sponte*, in inter-
posing and preventing the appellant's counsel from making
such an argument to the jury.   The Court had stated in
delivering its opinion in the first exception, that it would
not receive the oral proof offered by the appellant, but
would thereafter admit the record of acquittal in evidence,
for the purpose of affecting the *weight* and *credibility* of
the evidence against him.   At the time that record was
offered, the counsel might, if they had thought proper,
have offered it generally, or as conclusive evidence, that
the appellant had not forged or uttered the check of July
17, and as an estoppel upon the State, and if rejected by
the Court when thus offered, or admitted for the purpose
only of affecting the weight and credibility of the evidence
against him, the appellant might have then excepted to such
ruling, and had it reviewed by this Court.   But it was
not so offered.   On the contrary, it was offered expressly
on the terms and for the purpose, which the Court had
stated it would be admissible for ; that is for the purpose
of affecting the *weight* and *credibility* of the evidence against
the accused.   And even when the Court interposed and
stated the purposes for which alone the record had been
admitted, the appellant might have excepted to the ruling,
limiting the effect of the record to this particular purpose,
if it had not been offered *"under the permission of the Court
as stated in the first exception."*   *Sauerwein vs. Jones,* 7 *G.
& J.,* 341 ; *Inloes vs. Amer. Exchange Bank,* 11 *Md.,* 185.
But he excepted, not to the limitation thus put upon the
effect of the record as evidence, but to the Court's *refusal*

*to permit his counsel to argue* that the record had a larger and broader effect, than that to which it had been limited by the Court.　The Court has an undoubted right to state to the jury, the legal effect of evidence which has been introduced and submitted to their consideration.　*McHenry vs. Marr & Emmart,* 39 *Md.,* 532, 533 ; *Wheeler vs. The State,* 42 *Md.,* 570.　Not having excepted to the statement made by the Court of the legal effect of the record, it became the law of the case.　*Hogan vs. Hendry,* 18 *Md.,* 128 ; *Davis vs. Patton,* 19 *Md.,* 128 ; *Dent vs. Hancock,* 5 *Gill,* 127.　Being the law of the case, counsel were not at liberty to argue against it.　*Sauerwein vs. Jones,* 7 *G. & J.,* 341.　It is true that Article 15, sec. 5, of the Constitution, declares that " In the trial of all criminal cases, the jury shall be the judges of law as well as of fact ;" but this Court has said that " the words in the Constitution, have no greater signification since their incorporation into the organic law, than they had previously."　*Franklin vs. State,* 12 *Md.,* 286.　This Court has also decided, that the Court has a right to instruct the jury in a criminal case, as to the legal effect of evidence.　*Wheeler vs. State.,* 42 *Md.,* 570 ; and having such right, it follows of course, that it also has the right to prevent counsel from arguing against such an instruction.　If a jury should disregard an instruction in a criminal case and convict, the evil can be remedied by granting a new trial.　But if they should acquit in disregard of it, there seems to be no remedy. But whatever powers the Constitution may have conferred upon juries in criminal cases, it has conferred none upon *counsel.*　They are still officers of the Court, and under its proper control, and if the Court expresses an opinion on a question of law, upon which it has a right to express it, and a party considers himself aggrieved by it, he has his remedy, either by petition in the nature of a writ of error, or by a bill of exception.　But counsel have no right, and ought not to be permitted to argue against it before the

jury, in order to induce them to disregard it. But even if the effect of the record of acquittal was properly presented by this exception, we would have to say, as we have said in treating the first exception, that it was admissible for no other purpose, than for the purpose of affecting the weight of the evidence against the accused.

> *Rulings affirmed, and*
> *cause remanded.*

(Decided 30th June, 1881.)