AUGUSTUS L. CLAYTON *vs.* THE STATE OF MARYLAND.

*Indictment for a Nuisance—Materiality of Evidence.*

A person was indicted for maintaining a nuisance by conducting a bone factory, emitting offensive odors, the offence being charged as committed between the 1st day of March, 1881, and the 16th day of June, 1881. At the trial a witness for the State was asked "to state all that he had seen or noticed of the defendant's factory, or smells issuing from it, at any time or times during a period of twelve months prior to the 16th of June, 1881." HELD:

That the question was a proper one, although it embraced time prior to the first date laid in the indictment.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was submitted to MILLER, STONE, ALVEY, IRVING, and RITCHIE, J.

*Arthur W. Machen,* for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the ·appellee.

IRVING, J., delivered the opinion of the Court.

The appellant was indicted in the Circuit Court for Baltimore County, for maintaining a nuisance near to the public streets and highways of the county. The indictment charges that "on the first day of March, in the year of our Lord, eighteen hundred and eighty-one, and on divers other days and dates between that date and the day of the taking this inquisition, with force and arms ·at Baltimore County, in the near neighborhood of Irvin's

public streets and highways in said county, where divers good citizens of said State are constantly passing and repassing, and of divers dwelling-houses in said county, inhabited and occupied by divers other good citizens aforesaid, certain furnaces and boilers, for the purpose of grinding and boiling bones and tripe and other entrails, and offal of beasts, before that time made, erected and set up, unlawfully and injuriously did continue, and doth continue to use," &c. &c., detailing the offensive character of the effluvia emitted therefrom.

At the trial the State proved, that the appellant was the proprietor of a bone factory, situated in Baltimore County, about three hundred yards from a county road, where bones and offal were boiled, and from which offensive odors were sent forth.

A competent witness having been called by the State and testified, that he lived in the neighborhood of the defendant's bone factory, and had frequently visited it and passed near it, was asked by the State's Attorney, "to state all that he had seen or noticed of the defendant's factory, or smells issuing from it at any time or times during a period of twelve months, prior to the 16th day of June, 1881." To this question the defendant's counsel objected; but the Court overruled the objection, and permitted the witness to testify of sundry occasions within the period of twelve months, when he had observed the offensive smells, and refused to confine the witness to a period between the first of March, the day laid in the indictment, and the 16th of June, when the inquisition was found. To this ruling the defendant excepted, and this forms the single subject for review.

The appellant contends, that the offence charged is a continuous act running through a certain period of time, designated in the indictment, and therefore no evidence of the existence of the nuisance, at an anterior date was admissible. If we regard the time mentioned in the in-

dictment as descriptive of the offence as committed between two·designated dates, and therefore material and necessary to be proved as laid, which we take to be the idea of the appellant's solicitor, still we cannot see that the Court has committed any error in allowing the question in the form put. Conceding that it was necessary for the purposes of conviction to prove the offence as charged, within the period designated, the Attorney-General has argued, that the maintenance or continuance of a nuisance involves its commencement at an anterior period to the date first laid in the indictment, and for that reason the question and answers given were proper, and pertinent. It is not necessary for us to decide whether time was of the essence of the offence in this case; for in our view, even on the concession of the Attorney-General, that it is, we think, his argument is sound in respect to the admissibility of the testimony notwithstanding. To be maintained, the nuisance must have had a beginning. In fact, the indictment charges the erection of the buildings for the business at a date prior to the one laid in the indictment. The evidence offered was a part of the history of the offence, or transactions giving rise to the prosecution. It must be noted that the question put included, not only, the history of the matter for some months, anterior to the first of March, 1881, but also the succeeding time up to the finding of the indictment. If the business, so soon as it was begun, was offensive to the public, and continued to be so, there was good reason to infer that it would continue so, as long as the factory was used for the same purpose, and in the same way. If the works had not been, prior to the 1st of March, a source of annoyance to the public, it was not likely they would suddenly become so after that date. Therefore the fact, that the works, as such, were a nuisance, could be best shown to be a nuisance, by the results they had been producing all along; for if they had been offensive and the business was still conducted, it

Clayton *vs.* State.

could hardly be supposed they would be less so, without evidence of means adoptèd to prevent the natural consequences of such manufactures. It is clear, therefore, that such proof as was asked for and secured by the question propounded, threw material light on the subject of the inquiry. The case of *Rex vs. Watts*, 22 *E. C. L. Rep.*, 307, 308, illustrates the principle which was applied by the Court below, and which we approve. It is a phase of the same principle which, in *Bloomer vs. The State*, 48 *Md.*, 528, and *Bell vs. The State*, 57 *Md.*, 108, justified the introduction of other acts, of like character to the one prosecuted, committed at or about the same time. In this case the reason for admission of the proof objected to, is much stronger than in *Bloomer's* and *Bell's* cases, for in this case it is the identically *same* and *continuing act* of which proof is offered, which the indictment seeks to punish the continuance of. In its very nature the act is not single, but continuous; wherefore, it must be admissible to establish it according to its nature. The information we get from the record is meagre, but the question before us is not whether the evidence certified was of itself sufficient to justify conviction, but whether it tended to prove the issue and throw light on the case. We are clearly of opinion it did, and that the Circuit Court committed no error.

*Ruling affirmed, and*
*cause remanded.*