GOTTLIEB FREUD and HARRY MILLER

*vs.*

STATE OF MARYLAND.

*Conspiracy: to defraud insurance companies; acts and declarations of parties; sufficiency of indictments; election of counts by State; discretion of court in refusing to compel—. Statement by court to jury: when not reversible error. Exceptions: shall include but one question.*

In trials for the crime of conspiracy, the acts and declarations of each co-conspirator are admissible, under the rule adopted and applied in *Bloomer* v. *State,* 48 Md. 530          p. 642

The acts and conduct of the accused at the time of his arrest, and while under arrest, are competent evidence against him.
                                                 p. 643

In a prosecution for a conspiracy to defraud insurance companies by burning the insured premises, evidence of conversations by them as to other fires they had caused for such purpose is admissible as tending to prove motive, etc.          p. 644

An indictment for conspiracy was held to sufficiently allege the crime, and to describe its object with sufficient clearness and particularity.                    p. 640

The action of the court in refusing to require the State to elect between certain counts in an indictment, and in overruling a demand for a further bill of particulars, are not open for review by the Court of Appeals.          p. 639

Where a statement made by the Court in the presence of·the jury, and addressed to them, is but a repetition of the rulings made during the trial, with·an explanation thereof, if the rulings were correct, the traverser is not injured by such statement and it can not form the basis for a reversal on appeal.    p. 646

In general, an exception that includes, more than one question will not be considered on appeal.                          p. 647

*Decided January 10th, 1917.*

Appeal from the Criminal Court of Baltimore City. (Duffy, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Briscoe, Burke, Thomas, Pattison, Urner. and Stockbridge, JJ.

*James Fluegel,* for the appellants.

*Harry W. Nice, Assistant State's Attorney,* and *Roland R. Marchant, Deputy State's Attorney* (with whom were *Albert C. Ritchie, Attorney General,* and *Wm. F. Broening, the State's Attorney for Baltimore City,* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.    ·

The appellants in this case were indicted jointly with Harry Friedman and Moritz Ginsberg in the Criminal Court of Baltimore City for the crime of conspiracy.    The indictment contains six counts.

The first count charges that they unlawfully did conspire, combine, confederate and agree together by divers false pretenses, false and subtle means and devices, and by feloniously, wilfully and maliciously burning a store house, then situate in the city of Baltimore, and in the lawful tenancy, possession and occupation then and there of Moritz Ginsberg, the storehouse not being then and there parcel of any

dwelling house, with intent thereby to injure and defraud the Michigan Fire and Marine Insurance Company, a corporation, and by unlawfully and maliciously burning certain goods, chattels and properties of Moritz Ginsberg, situate then and there in the storehouse, and then and there insured against fire in favor of Moritz Ginsberg by the Michigan Fire and Marine Insurance Company, a corporation, to obtain and acquire unto themselves certain moneys and properties of the Michigan Fire and Marine Insurance Company, a corporation, then and there being, and to cheat and defraud the Michigan Fire and Marine Insurance Company, a corporation, thereof; against the peace, government and dignity of the State.

The second count is identical in terms with the first, except it alleges that certain other persons to the jurors unknown participated in the conspiracy.

The third is the same as the first, except it alleges the moneys and properties which the traversers intended to obtain and acquire from the Michigan Fire and Marine Insurance Company was of the value of $2,000, the amount of the insurance policy in favor of the traverser, Moritz Ginsberg.

The fourth is practically the same as the third, with the addition that other persons to the jurors unknown were parties to the conspiracy.

The fifth is like the first, with the addition that it alleges that the object of the conspiracy was "to obtain and acquire unto themselves certain moneys and properties of the Michigan Fire and Marine Insurance Company, to wit, $758.67.

The sixth charges the same conspiracy as the fifth, but adds that "other persons to the jurors unknown were parties thereto."

On the 28th of January, 1916, two of the traversers, Harry Miller and Harry Friedman, demurred to the indictment, and the demurrer was overruled by the Court. The demurrer was to the whole indictment, and no reasons are assigned in the record as a ground for the demurrer. There

are six counts in the indictment, and each of the counts, we think, sufficiently charges in varied form the conspiracy, the means by which the unlawful object was to be accomplished, and that the purpose of the conspiracy was criminal and unlawful. The crime was sufficiently alleged and the object of the conspiracy was described with sufficient clearness and particularity to conform to the rule established in such cases. There was no error in overruling the demurrer. *Blum* v. *State,* 94 Md. 377; *Lanasa* v. *State,* 109 Md. 606; *Garland* v. *State,* 112 Md. 86; *State* v. *Buchanan,* 5 H. & J. 317; 8 *Cyc.* 664.

There were a number of preliminary motions on the part of the traversers prior to the trial which were overruled by the Court, and the action of the Court on these motions, it is contended, constitutes reversible error. They appear from the docket entries to be as follows:

Feb. 10.—Demand for further bill of particulars. Demand overruled.

Feb. 10.—Motion to require State to elect upon which count of the indictment Harry Miller and Harry Friedman shall be put upon trial. Motion overruled.

Feb. 10.—Motion on behalf of Miller and Friedman to quash counts Nos. 1, 2, 3 and 5 of the indictment. Motion overruled.

Feb. 10.—Motion on behalf of Gottlieb Freud for severance from Harry Miller and Harry Friedman, and motion overruled.

It is well settled that the action of the Court in refusing to require the State to elect between certain counts of the indictment and in overruling the demand for a further bill of particulars are not open for review by this Court. In *Lanasa* v. *State,* 109 Md. 612, this Court said: Those motions were addressed to the sound discretion of the Court, and its action upon them is not the subject of an appeal in the absence of some gross abuse of discretion resulting in injury to the accused.

In the present case, the traversers had been furnished with a bill of particulars as to the place and time of the offense by letter, and this was filed in the case, and this letter had been accepted and assented to by their counsel as a proper bill of particulars. *Jules* v. *State,* 85 Md. 305; *Warfield* v. *State,* 116 Md. 604; *Cunard* v. *Francklyn,* 111 N. Y. 513; *Witkowski* v. *Paramore,* 93 N. Y. 470.

In *State* v. *Bell,* 27 Md. 676, it is distinctly held that motions to elect are addressed to the discretion of the inferior Court and are not reviewable by this Court. *Bailey* v. *State,* 4 Ohio, 440; *State* v. *Leonard,* 22 Mo. 449.

For the reasons stated in sustaining the ruling upon the demurrer there was no error in overruling the motion to quash certain counts of the indictment. The conspiracy alleged in the several counts of the indictment was the same offense and related to the same transaction charged in varying forms and method to meet the proof. The indictment was in proper form and sufficiently charged the offense, and the traversers could not have been prejudiced by this ruling. *State* v. *McNally,* 55 Md. 559; *Wharton Crim. Law,* secs. 416, 422, 423; *Commonwealth* v. *Winnemore,* 2 Brewster (Pa.), 378.

The questions presented by the rulings upon the objection to the traversers being arraigned, as set out in the second exception, and to the overruling of the motion for a continuance of the case, as embraced in the third exception, were matters within the sound discretion of the trial Court, and are not subjects of review by this Court.

It appears that the motion for a severance as to Moritz Ginsberg was granted, and upon his arraignment he entered a plea of guilty. The other three pleaded not guilty and elected to be tried by a jury. On the 17th of February, 1916, the traverser Friedman was acquitted and the traversers Miller and Freud were convicted. On June 6th a motion for a new trial by Miller and Freud was overruled by the Supreme Bench of Baltimore. On June 8th Miller was sen-

tenced to the Baltimore City Jail for two years and six months, and Freud was sentenced thereto for the period of two years. From the judgment so entered upon the verdicts they have each appealed.

At the trial of the case the traversers reserved sixty-five bills of exception, a larger part of them being to the rulings of the Court upon the admissibility of testimony, and many of these present the identical question raised by subsequent motions to strike out the testimony which had been admitted over the objection of the traversers and to which ruling they had previously excepted.

It would tend to no useful purpose, even if it was considered desirable, to discuss separately these exceptions, because many of them are of a kindred nature, and have been frequently passed upon by this Court in similar cases. We are satisfied, after a careful examination of each of them, that the Court below committed no reversible error in its rulings on the questions presented, or that these rulings were prejudicial to the rights of the traversers under the facts disclosed by the record in the case.

The questions raised by the fourth, fifth, sixth and seventh exceptions relate to the admission in evidence of certain acts and declarations of one of the conspirators made during the progress and in furtherance of the object of the conspiracy.

The witness Moritz Ginsberg, who had pleaded guilty and who was called as a witness for the State, in course of his examination had testified that Miller, one of the traversers, had approached him about five weeks before the fire, and stated that he could burn his store and collect the insurance, and also told him of other places that he had burned. He was then asked: "Can you in more detail tell the jury what he told you at that time?"

Since the case of *Bloomer* v. *State,* 48 Md. 530, and *Lawrence* v. *State,* 103 Md. 20, it cannot be doubted that the acts and declarations of each co-conspirator are admissible in

evidence, within the limitations of the rules adopted and applied in those cases.

In the case at bar the Court frequently, in the course of the trial and at the conclusion of the testimony, instructed the jury that certain testimony was admitted as against certain defendants who were named by the Court. Such testimony must be considered by you only as to those traversers against whom it was admitted, and not against the other or others.

There was no error in admitting the evidence in the eighth, eleventh and twelfth exceptions relating to the inventory of the stock in store of the traverser Ginsberg. It had been prepared by the witness and the traverser Freud, and was proper evidence in the case. The ninth and tenth exceptions are unimportant and the ruling of the Court thereon could not have injured the traversers.

The admission in evidence of the lease between Ginsberg and Dugan & Nephew of the property burned and in Ginsberg's possession at the time of the fire; also certain suits of clothing which had been recovered from the home of the traverser Friedman and from certain pawn shops in the City of Baltimore; the policy of insurance; the check of the insurance company, and the proof of loss, which had been filed with the insurance company, was clearly admissible, and the objection to this testimony, as set out in the thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth exceptions, were properly overruled.

The nineteenth, twentieth and twenty-first exceptions were taken to the refusal of the Court to permit certain questions to be asked the witness Ginsberg upon cross-examination. The ruling of the Court on these exceptions was correct, as the questions were improper and the subject-matter unimportant.

The rulings on the twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth and twenty-ninth exceptions were proper, and we do

not see how these rulings could have caused the defendants any injury.

The thirtieth and thirty-first exceptions present motions to strike out testimony which had been admitted without objection as to the arrest of the traverser Miller and the circumstances connected with it. This evidence was admissible.

It is well settled that the acts and conduct of the accused at the time of the arrest and while under arrest are competent evidence against him. *Wigmore on Evidence,* Vol. 1, sec. 276 ; *Jones on Evidence,* sec. 287.

The objection to the admission of the pistol in evidence as to Miller and a certain pasteboard box containing moving picture films as to Freud was properly overruled, as set out in the thirty-second bill of exception, and there was no error in sustaining the objection of the State to the questions propounded by the traversers to the witness as set out in the thirty-third and thirty-fourth exceptions, because what connection the evidence had with the fire and the conspiracy were questions for the jury and the opinion of the witness was inadmissible.

The thirty-fifth exception was taken to certain testimony of the witness Denowitz as to the fraudulent bills furnished Ginsberg at the suggestion of the traverser Freud, to make up the false inventory furnished the insurance company, and to the overruling of the motion to strike out this testimony. This ruling must be affirmed for the reasons stated in the discussion of the eighth, eleventh and twelfth exceptions.

The questions raised by the thirty-sixth, thirty-seventh and thirty-eighth exceptions are disposed of in the discussion of the previous exceptions, and the rulings were correct for the reasons heretofore stated in those exceptions.

The thirty-ninth to the forty-fourth exception present the question of the admissibility of the testimony of the witness Boeckel as to certain admissions and declarations which had been made to him by the traversers concerning the fire at 511

Baltimore street, and during which time they talked of other fires which they had caused and intended to cause, including a plan to fire a cannery of Anderson, at Odenton, Maryland.

It was objected, upon the part of the traversers, that this evidence was not admissible because the evidence, in effect, was as to other crimes committed by them.

This evidence was admissible for a number of reasons and, as stated by the State in its briefs, for the following: (1) To corroborate the testimony of Ginsberg; (2) to show the relationship between the parties; (3) to show intent, purpose, capacity and motive.

But, apart from these reasons, we think it was admissible as other similar prior acts of the traversers.

In *Bloomer* v. *State,* 48 Md. 521, this Court said, the most recent and well considered authorities establish beyond question the admissibility of such evidence in analogous cases. *Thelin* v, *Dorsey,* 59 Md. 539; *Bell* v. *State,* 57 Md. 108.

In *People* v. *Smith,* 37 N. Y. App. Div. 280, the Court in dealing with a similar question said: "The defendant, although indicted for the crime of arson pure and simple, also stood charged with the crime of having conspired with his father to cheat and defraud certain insurance companies by setting fire to and causing the destruction of various buildings upon which they had previously obtained insurance. In order, therefore, to convict the defendant of the crime set out in the second count it was of the utmost importance that a fraudulent motive or intent upon his part should be established, and to that end it was competent for the prosecution to show that shortly previous to the commission of this particular act the defendant had been guilty of similar acts under like circumstances, although one effect of such evidence might be to prove other crimes than the one charged in the indictment." *People* v. *Zucker,* 154 N. Y. 770; note to *People v. Mollineux,* 62 L. R. A. 194.

We find no reversible error in the rulings of the Court set out in the remaining exceptions from forty-four to sixty-

four, inclusive. These exceptions consist largely of rulings of the Court in overruling motions to strike out evidence which had been admitted without objections on the part of the traversers and also exceptions to rulings of the Court in admitting competent evidence and in excluding that which was not admissible or relevant to the issue. What has been said as to the other exceptions will dispose of these.

The sixty-fifth exception was taken to the statement of the Court at the close of the testimony, explaining its rulings on testimony. It is as follows: "(The Court): Gentlemen of the jury, inasmuch as this case has been quite a long one, and the taking of testimony has been quite extensive, I have made certain rulings on the admissibility of evidence in the course of the trial, as such evidence was admitted. I want to repeat to you now, for the purpose of refreshing your recollection, the rulings that I have made, so that you can be guided by them.

"Evidence has been offered by the State and admitted, which tends to connect the traversers or some of them with other burnings and attempts to burn, which are in no way connected with the charge in the indictment. This testimony was admitted solely because it tends to give criminal intent, design or system on the part of those traversers as against whom such testimony was admitted. This evidence must be considered only for this purpose by you. Certain other testimony was admitted as against certain defendants who were named by the Court at the time such testimony was admitted. Such testimony must be considered by you only as to those traversers against whom it was admitted, and not against the other or others.

"I would suggest to counsel that inasmuch as it is a matter of some amount of difficulty to determine what is conspiracy and what is not conspiracy, in their arguments, they should make quite plain to the jury, by the citation of authority, just what conspiracy consists of; and I think also in their arguments they should make plain to the jury the use that

can be made by the jury of the matters which I have just alluded to, which were admitted only for certain limited purposes."

It is admitted that the statement made by the Court was but a repetition of the rulings that had been made in the course of the trial, and as the statement was but an explanation of those rulings, it is difficult to see if the rulings were correct how the traversers were injured by it.

The sixty-sixth exception was taken to certain remarks of Mr. Marchant, the Deputy State's Attorney, in the course of his speech to the jury. The record sets out the exception as follows:

"Mr. Edward Rees, attorney for Freud, took exception to a statement that he, Mr. Rees, talked with Mrs. Mary Plotkin, and also to Mr. Marchant's reading from a paper in the case, being the return of the Sheriff, 'Mary Plotkin, summoned to testify for Gottlieb Freud.' Also to Mr. Marchant's saying, 'I will show you Mary Plotkin signed a contract authorizing Freud to adjust the loss at her place at Capitol Heights.'

"(Exception noted.)

"Mr. Rees also excepted to a statement by Mr. Marchant to the effect that Freud interviewed Mrs. Plotkin in this court room. Mr. Marchant said: 'I will ask the Court to instruct the jury not to pay any attention to that remark.'

"A. Mr. Fluegel excepted to Mr. Marchant's remark to the jury, 'Here is a contract by Mrs. Mary Plotkin.'

"B. (Mr. Fluegel): Your Honor, I except to the statement of Mr. Roland R. Marchant that the statement of Mr. Miller as to the forty dollars is alone sufficient to convict these vile criminals.

"(Exception noted.)

"Whereupon each of the defendants excepted to the above remarks A and B made by Mr. Roland Marchant to the jury and pray the Court to sign and seal this their exception."

This exception, it will be seen, includes two different questions, and as a general rule such an exception will not be considered on an appeal.   *Tall* v. *Steam Packet Company*, 90 Md. 248; *Frick* v. *State*, 128 Md. 122.

The remarks, noted A, excepted to, were practically withdrawn by Mr. Marchant, the Deputy State's Attorney, and the comment noted as remark B we do not regard, as such a statement by counsel as could have prejudiced the rights of the traversers under the facts of the case.   *Esterline* v. *State*, 105 Md. 637; *Dunlop* v. *U. S.*, 165 U. S. 486; *Graves* v. *U. S.*, 150 U. S. 120.

The law bearing upon cases of conspiracy, the requisites of good pleading and the rules pertaining to the admission of evidence in such cases, have been so carefully and fully discussed and stated in *State* v. *Buchanan*, 5 H. & J. 317; *Lawrence* v. *State*, 103 Md. 27; *Lanasa* v. *State*, 109 Md. 602, and *Garland* v. *State*, 112 Md. 88, that we deem it unnecessary to extend this opinion by a further discussion of it.

We have examined this case with much care, and find no reversible errors in the rulings of the Court as would require or justify a reversal.

For the reasons stated the judgments will be affirmed.

*Judgments affirmed, with costs.*