# JOHN DUNN

## *vs.*

## STATE OF MARYLAND.

*Criminal Law—Remarks of Counsel—Bill of Exceptions.*

An appeal will not reach the action of the court on a motion for a new trial. p. 164

An averment in the record that the State's Attorney, in the course of his argument, used certain language quoted, and that the use of such language was objected to by counsel for the traverser, without, however, any showing that a request was made that the objectionable language be stricken from the record, or that an exception was taken to any action of the court, is not equivalent to a bill of exceptions, for the purpose of authorizing a review of such language on appeal.

*Decided January 13th, 1922.*

Appeal from the Circuit Court for Howard County (FORSYTHE, J.).

Criminal proceeding against John Dunn. From a judgment of conviction, defendant appeals. Dismissed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*C. W. Perkins* and *Herbert Levy,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *James Clark, State's Attorney for Howard County,* on the brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The traverser in the above entitled cause was indicted in the Circuit Court for Howard County for larceny and for the receiving of stolen goods, the goods consisting of a quantity of liquors, including ten gallons of whiskey, forty-five bottles of champagne and fifty-seven quarts of Scotch whiskey, together with certain other wines and liquors.

On his trial Dunn was convicted on the second count of the indictment, namely, of receiving the goods knowing them to have been stolen. To the indictment the traverser did not demur but pleaded "not guilty."

The record is extremely brief. The first so-called bill of exceptions was not signed by JUDGE FORSYTHE, before whom the case was tried, and is therefore not properly before us, so the only error which can be found, and which is called in the record the second bill of exceptions, is in these words:

"The State's Attorney, in his closing argument to the jury, made the following statement:

"That in the trial of Dougherty, Mr. Donovan made the statement, 'Go get Dunn, the guilty man.'

"To this statement counsel for the traverser (Mr. Donovan) objected and the statement of the State's Attorney was allowed to go to the jury by the court without having the same stricken from the records, nor did the court direct the jury to disregard this statement. But the court admonished the State's Attorney, and told him to refrain from such remarks."

Upon its face it discloses that unless the passage quoted is to be deemed and treated as a bill of exceptions there is nothing from which an appeal lay. The method of taking appeals in criminal cases is specifically set out in section 80 of article 5 of the Code of 1912, and unless the language already quoted be construed as a bill of exception, there is nothing which this record presents for this Court to pass on.

There was no motion for a new trial and, even if there had been, it has been repeatedly held by this Court that an appeal from the action of the trial court will not reach the

action of that court upon a motion for a new trial. *Archer* v. *State,* 45 Md. 460.

As already shown in the extract quoted, the counsel for the traverser objected to a certain statement of the State's Attorney, but the same went to the jury without the objectionable language of the State's Attorney being stricken from the record, nor does it appear that the traverser's counsel asked that it should be stricken from the record, and no exception was taken to any action of the court.

This Court cannot, in either a civil or a criminal case, regard an objection interposed by counsel as equivalent to a formal bill of exceptions. In *Mitchell* v. *State,* 82 Md. 531, it was held that no appeal would lie where no exception was reserved to a ruling of the court and there was no motion in arrest of judgment or petition designating the points by the decision of which the appellant claimed to have been aggrieved.

The same consideration which is now urged in behalf of the appellant was presented in the *Easterline Case,* 105 Md. 629, and the *Meno Case,* 117 Md. 435, 441. There are a few cases where the trial court of its own motion has given the jury specific instructions to ignore the remarks of counsel and reproved counsel for their indiscretion in making the remark. None of the cases go to the extent of saying that the failure to take an exception by the counsel for the traverser in a criminal case is cause for reversal in an appellate court. The subject is very fully considered in the case of *State* v. *Biggerstaff,* 17 Mont. 514:

"We are also of the opinion that this language is not before this court in such manner as to authorize us to treat it. It is not preserved in any exception to any ruling of the court thereon.

"The great weight of authority is to the effect that, in order to bring the language complained of before this court for review, it was necessary for the defendant to request and secure a ruling of the court thereon, and properly save an exception to such ruling in a bill of exceptions. The bill

of exceptions in the case presents no such record for action by the court as to authorize us to pass upon the language of the county attorney. It was never properly raised and passed upon by the lower court. It cannot be raised here for the first time."

In the case of *Dunlop* v. *U. S.,* 165 U. S. 486, the Court says:

"If every remark made by counsel *outside of the testimony* were ground for reversal, comparatively few verdicts would stand, since, in the ardor of advocacy and in the excitement of trial, even the most experienced advocates are occasionally carried away by this temptation."

And this has been cited with approval in *Toomer* v. *State,* 112 Md. 293; *Citizens' Mut. Fire Ins. Co.* v. *Conowingo Bridge Co.,* 116 Md. 440; and the rule so laid down has been very generally followed throughout this country.

It is the familiar law that there can be no reversal in a criminal case unless there is something more than a mere matter of opinion of counsel to show injury. *Avery* v. *State,* 121 Md. 229, and *Damm* v. *State,* 128 Md. 670.

There is scarcely a jurisdiction in this country from which decisions might not be cited and the rule as uniformly laid down fully accords with what has been already stated.

There is therefore presented in the record nothing for this Court to review, there being neither demurrer nor formal exception taken to any ruling of the trial court. The appeal in this case must therefore be dismissed.

*Appeal dismissed, with costs.*