WILLIAM JONES *v.* STATE OF MARYLAND

[No. 34, October Term, 1944.]

*Decided December 8, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*James A. McAllister,* with whom was *V. Calvin Trice* on the brief, for the appellant.

*Frederick P. McBriety, State's Attorney for Dorchester County,* and *J. Edgar Harvey, Assistant Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellee.

CAPPER, J., delivered the opinion of the Court.

Appellant was convicted in the Circuit Court for Dorchester County for selling a pint of whisky to one

Morris Stein in said county on or about April 23, 1944. He was sentenced to confinement for twelve months in the Maryland House of Correction, from which sentence he has appealed.

The record contains twenty-nine exceptions, all of which, excepting the first, involve questions concerning testimony offered during the trial.

The first exception was taken to the action of the trial court in overruling a motion of appellant's counsel to challenge the jury. When the case was called for trial, appellant's counsel moved for a continuance in open Court, the entire panel of jurors being present. The State's Attorney, within hearing of the jurors in reply to the motion, made the following statement: "They (referring to the counsel for the defendant) are afraid to try this case first because of the effect upon other cases."

Appellant's attorneys immediately made a motion: "to challenge the jury as to the polls for cause before a list of the jury was handed to appellant's counsel to strike."

The Court then said: "I think it should go in the record that the statement dictated (meaning the statement of the State's Attorney above set forth) was not made in the presence of a sworn jury, but only in the presence of prospective jurors sitting in the Court Room, from which the jury had to be selected."

The Court overruled the motion.

By this motion appellant's counsel did not indicate that he had any other ground or reason for challenging the jury excepting the said remark of the State's Attorney. He did not claim that the jurors were in any manner prejudiced or biased against the defendant and did not request that they be sworn on their *voir dire* for the purpose of examining them about these matters. The learned Court below refused the motion to challenge and decided that the remark of the State's Attorney was not sufficient cause for challenging the jurors, it having been made before any of the panel was sworn or selected.

We agree with the Court below on this point. It is not every ill-considered remark made by counsel, even during the progress of the trial, that is cause for challenge or mistrial. *Dunlop v. United States,* 165 U. S. 486, 41 L. Ed. 799; *Freud v. State,* 129 Md. 636, 99 A. 934; *Dunn v. State,* 140 Md. 163, 117 A. 329; *Callan v. State,* 156 Md. 459, 144 A. 350

We think the statement of the Court below to the effect that the State's Attorney's remark was not made in the presence of a sworn jury was sufficient warning to any of the jurors who may have heard it, to pay no attention to it.

This case is distinguishable from those cases which hold that either party has a right to have the Court, in advance of their selection, examine the jurors upon their *voir dire* for the purpose of challenging them upon the ground of prejudice or bias. *Lee v. Peter,* 6 Gill & J. 447, 452; *Edelen v. Gough,* 8 Gill 87, 90; *Hamlin v. State,* 67 Md. 333, 10 A. 214, 301; *Lockhart v. State,* 145 Md. 602, 125 A. 829.

Exceptions Nos. 2 to 8, inclusive, Nos. 13, 14, and 15 and 17 to 29, inclusive, were not argued before the Court or in appellant's brief. They are, therefore, treated as abandoned under Section 4 of Rule 39 of this Court.

Exceptions 9, 10, 11 and 12 are based upon alleged error of the trial Court in permitting the contents of the bottle of whisky alleged to have been sold by appellant, and the opening and examination of same by the jury, to be offered as evidence in the case.

The State's witness, Morris Stein, had previously testified that he purchased this pint bottle of whisky from appellant at his home in Cambridge, paying $5 for it. He identified the bottle by testifying that he wrote his name on it in the presence of three officers and the State's Attorney. The custody of the bottle was fully accounted for from the time of purchase until the trial, and it was clearly shown that the contents had not been removed or interfered with.

Under these circumstances, there is no doubt that the bottle and contents were admissible. 2 *Wharton's Crim-*

*inal Evidence,* 11th Ed., Sec. 762; 33 *C. J.,* 774; *Callahan v. State,* 163 Md. 298, 162 A. 856.

As to the contents of the bottle, the testimony of witness Stein that he bought the pint of whisky from appellant and paid $5 for it is sufficient to establish that it was an alcoholic beverage the sale of which was forbidden by the Statute. There was also testimony offered that the liquor purchased was Old Crow Whisky. *Am. Jur.,* Vol. 30, p. 480, Sec. 424.

The Court advised the jurors that they had the right to examine this bottle and its contents, which they did by merely opening the bottle without tasting the contents, so far as the record discloses. This action of the Court is the subject of the sixteenth exception. There is authority to the effect that the Court will not permit the consumption of samples of whisky by the jury. 4 *Wigmore on Evidence,* 3d Ed., Sec. 1159.

There is no evidence that the jury in the case either smelled or tasted the liquor. We do not think the mere opening of the bottle by a juror or jurors constitutes error.

The rulings of the lower Court upon these exceptions were correct, and the judgment must be affirmed.

*Judgment affirmed with costs to appellee.*