ARCHIBALD LEE *vs.* GEORGE PETER.—*December,* 1834.

The object of the 9th section of the act of 1797, ch. 87, was to give to the parties, plaintiff and defendant each, the privilege of striking from the list of *twenty* jurors, *four* of the jurors against whom no cause of challenge could be established.

To secure the full enjoyment of this privilege, the panel before it is stricken from, should present twenty names beyond the reach of challenge, either as a principal cause or to the favor, and the parties have the right to have their causes of challenge heard and determined upon before the panel is drawn from the ballot box.

APPEAL from *Montgomery* county court.

This was an action of *Slander*, instituted by the appellant against the appellee, on the 13th November, 1830. Issue was joined upon the plea of not guilty.

At the trial the following exceptions were taken by the parties.

1. This case being called for trial, and a panel of twenty jurors drawn from the ballot box, according to law, and presented to each party to strike from, according to the same law, and after the defendant had struck from the copy of the panel presented to him, and delivered back his copy of the panel so struck by him, to the clerk, and the clerk had delivered the same to the court, the plaintiff, before striking the name of any juror from the panel, offered to challenge for cause the polls of the said panel, that is, to shew cause of challenge for favor against the several individuals composing the said panel, and prayed the court to have such causes of challenge examined, and tried separately against

each poll challenged, according to the legal mode of trying and determining challenges against jurors for favour, and to have such challenges successively, so tried and determined before the striking of the said panel, so that if any such challenges be sustained, the said panel may be filled up by further draughts from the ballot box, or if that should be exhausted by successive challenges for cause, then from the *tales* until a panel of twenty competent jurors, free from challenge and cause of challenge for favor, be formed for the parties to strike from. But the court (KILGOUR and WILKINSON, A. J's) overruled such motion, and refused to allow any challenges for favor to the polls of the said panel, until the same should have been struck by the parties, and the twelve jurors called to the book to be sworn ; the defendant offering and agreeing, that if such challenges should embrace every individual juror on the panel, to waive any objection to the allowance of such challenge ; but objecting to the challenge against any individual juror or jurors, not embracing every individual on the panel. The plaintiff excepted.

2. In the further proceeding of the court, for the trial of this cause, and after the motion and decision of the court, as stated in the plaintiff's first preceding exception, the plaintiff, by his counsel, objected to *William Price*, one of the twenty persons drawn as aforesaid, as competent jurors, on the ground that he had a matter of fact depending for trial at this term in this court. And the court, (KILGOUR and WILKINSON, A. J's) sustained the said objection to the said juror, and directed the clerk to withdraw his name from the lists aforesaid, and to draw the names of another juror from the names remaining in the ballot box, and to deliver lists of the jurors so drawn as aforesaid, with the name of the juror now to be drawn, in lieu of that of the said *Price*, to the counsel of the plaintiff and defendant, that they might each strike four names therefrom, which was done accordingly. The defendant excepted.

3. After the plaintiffs and defendants' foregoing bills of exception had been reserved as aforesaid, the plaintiff further offered challenges to the favor against each and every individual juror on the said panel of twenty, before having struck any individual from said panel, and prayed that such challenges might be examined and tried, and determined according to law, before the striking of said panel, to which defendant objected, and the court sustained the objection, and refused to admit the said challenges or any of them, before the said panel should have been struck, and the twelve jurors, not struck for the same, called to be sworn.

The plaintiff excepted, and the verdict and judgment being for the defendant, the record was brought upon the appeal of the plaintiff before this court.

The cause was argued before Buchanan, Ch. J., and Stephen, Archer and Dorsey, Judges.

*Magruder,* for the appellant.

It is not alleged on the part of the plaintiff, that the law in express words requires that all challenges *pro causa,* shall be made before any of the jury are called into the jury box. The right of either party to make his objections to individual jurors, before he strikes, is contended for, and it seems very clear that the benefit designed to be secured to each party might be lost, if our construction of the law be not correct.

A party strikes four of the most objectionable to him on the panel, and then the other party strikes four, and challenges *pro causa* the rest, so that the twelve jurymen afterwards brought into the box, may each one of them be more objectionable than either of the four whom he struck from the panel. It is said, however, that after the striking on each side has taken place, if a juror is wanted, the practice is to draw again. This may be, and is not objected to, because found convenient; but this the act of assembly

does not direct or authorise, and in many instances may be found productive of great evil. It is taken for granted, that if, from any cause, the remaining twelve cannot be got into the box, the court, *if required by either party*, would direct the whole number (twenty) to be drawn again. But the act of assembly forbids the construction which the defendants counsel would give to it. Twenty persons are to be drawn from the panel of jurors and written upon two lists, and a list delivered to each party, and from his list each is to strike four, and the *remaining twelve persons* shall thereupon be immediately impanelled, and *sworn as the petit jury in such cause.* Such are the words of the act of 1797, *ch.* 87, *sec.* 9. How can the remaining twelve be in any case the petit jury to try the cause, if all objection to be made to them by either party, must be reserved until both parties strike? The benefit designed to be conferred by the law, is best secured to them by the construction for which we contend, and the course proposed to be pursued by the plaintiff in this cause, is the only one consistent with its letter.

*Johnson* for the appellee.

The second exception in the record was taken by the appellee, and as there was no appeal by him, is consequently not before the court.

The other two exceptions are believed substantially to raise the same question. It is this:—Whether under the *act of assembly of* 1797, *ch.* 87, *sec.* 8, a party has a right in the first instance, and before the twenty jurors are drawn, to challenge not the whole array, but each or any individual juror on the array for favour, so as to secure to himself a panel of twenty not liable to be challenged for favour.

It will be seen that the act of assembly, but for the proviso, which saves the pre-existing right of challenging the array or the polls, would, literally construed, have defeated altogether such right of challenge, and have left the parties only the right of striking from the list of twenty, as is pro-

vided by that law. The right to challenge, however, is expressly reserved, and the only inquiry is, at what time, and in what manner is that right to be exercised.

Before this law, and it would seem to be in the nature of things the proper course, a challenge of the poll was always made when the juror was about to be sworn, and was called for that purpose.

The act of assembly, in saving this right of challenge, is not to be supposed to have intended to change the time and manner in which it was always before exercised. On the contrary, the only proper inference would seem to be, that they intended to leave it, in all respects, exactly as they found it.

If this view is right, there is an end of the present case; for the court below gave the appellant the power of challenging the polls for favour to any extent he thought proper, as the jurors were brought to the book to be sworn.

Nor can it be well contended, that this mode of using the right to challenge, will operate practically to prevent the plaintiff from having the benefit of striking from a panel not subject to be challenged for favour.

If the whole panel of twenty are obnoxious to good cause of challenge, he can get rid of them, and in the same way of the entire panel of twenty-five. If they are not, he strikes those only whom he cannot get rid of by challenge, but who he may suppose to be in some respects objectionable.

If the twelve should not be made up from the first twenty, the practice is to draw again for double or thrice the number wanted, and to give the parties a right to strike again, whilst they also retain the privilege of challenging for favour. It is difficult to imagine a mode more certain to secure an impartial jury.

The counsel has not been able to find any decision upon the question, and supposes it to rest entirely on the construction of the act of assembly. If it be conceded, as he thinks it must be, that the right to challenge the polls for

favour, as it was in 1797, was not designed to be interfered with by the act of 1797, (giving for the first time the right to strike) *neither as to the time nor the manner in which it was to be granted,* he supposes it clear that the decision of the county court was correct.

DORSEY, J., delivered the opinion of the court.

The object of the 9th section of the act of assembly of 1797, *ch.* 87, was to give to the parties, plaintiff and defendant, each the privilege of striking from the list of twenty jurors, four of the jurors, against whom no cause of challenge could be established. In express terms, it saves to the parties the unimpaired enjoyment of the right of challenge. It is, consequently the duty of the court, when required so to do, to extend to suitors the full benefit of both these privileges. Such is manifestly the policy and intent of the act of 1797. Each party is authorised, without any cause of challenge, for reasons confined to his own bosom, to strike from the list of twenty jurors, the four persons whom he is least willing should sit in judgment upon his rights. To secure the full enjoyment of this valuable franchise, it is manifest that the panel, before it is stricken from, should present twenty names beyond the reach of challenge. Should a suitor be required to strike from twenty, against some of whom he believes he has ground of challenge, and is unwilling that they should sit as judges in his case, he has not the free and uncontrolled power of striking, which the legislature designed to grant him. If he conceives he has a principal cause of challenge, he cannot, perhaps, safely rely on his ability to prove it to the satisfaction of the court. If a challenge to the favor, it might be unsafe to speculate on what would be the opinion of the triers. To avoid all risks, therefore, he might be induced to strike off those whom he believes he has cause to challenge; or, if relying on the sufficiency of his contemplated challenges, he strikes from those to whom they are inapplicable, upon the challenges being adjudged insufficient he may leave

upon the jury, the four individuals whom, of the whole twenty, he would originally most anxiously have desired should be stricken off. And the reason for such desire, perhaps, may be doubled by the increased prejudice resulting from the causes assigned for challenge.

By the denial of the exercise of the right claimed by the appellant, at the time it was insisted on, the party, in effect, may be deprived of all the benefit in striking the jury, which it was the intention of the act of assembly to confer upon him. We think, therefore, that the county court erred in refusing to hear and determine the causes of challenge to the polls, made by the plaintiff below, until he had stricken the jury; and for that reason reverse their judgment.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.