JAMES H. HAMLIN, and HENRY HEINTZERLING *vs.*
STATE OF MARYLAND.

*Jury—Striking names from List of Jurors—Joint Defend-
ants—Challenge to the Array or Polls.*

The Code (Art. 50, secs. 9, 13,) provides that in " all civil cases," tried
before a jury, and " in all criminal cases where the right of peremp-
tory challenge is not allowed," the names of twenty persons drawn
°by ballot by the clerk from the panel of petit jurors, shall be written
upon two lists, and one of said lists shall be forthwith delivered
" to the respective parties or their counsel in the cause, and the
said parties or their counsel may each strike out four persons from
the said lists, and the remaining twelve persons shall be imme-
diately impanelled and sworn as the petit jury in such case." HELD :

That under this provision of the Code where two persons are tried
together, they constitute but one party, and can only strike out
four names from the list, the privilege of striking out not extend-
ing to each individual.

The parties, however, have the right to challenge the array or polls
for favor or cause, and to have their cause of challenge heard and
determined before the list is drawn from the box.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued for the appellee, before ALVEY,
C. J., STONE, MILLER, and BRYAN, J., and submitted on
brief for the appellants.

*T. C. Ruddell,* for the appellants.

The common law gave to each defendant who was
charged with a felony, his full right of peremptory chal-
lenges.    1 *Chitty Crim. Law,* 535, (*5th Amer. Ed.;*) 2
*Hale P. C.,* 263.

The 18th sec. of Art. 62, of Rev. Code, limits the number of peremptory challenges in certain cases, and it is obvious under this section, each individual to an indictment would be entitled to twenty challenges. *U. S. vs. Marchant & Catron,* 12 *Wheat.,* 480; *Wharton Cr. Prac.,* 614*a,* (*8th Ed.;*) *Turpin vs. State,* 55 *Md.,* 462.

As at common law, a defendant, under an indictment for misdemeanor, or a party in a civil case, had no right of peremptory challenge, the Act of 1797, chap. 87, sec. 9, now 12th section, Article 62, Revised Code, was passed for the purpose of giving that right, and should be construed in harmony with common law, which allowed each individual the right.

This Court, in former years, thought that the Act of 1797, was passed for the above purpose. "The object of this Act was to give to the parties, the plaintiff and defendant, each the privilege of striking from the list those against whom no cause of challenge could be established; in express terms it saves the unimpaired enjoyment of the right. It is, consequently, the duty of the Court, when required so to do, to extend to suitors the full benefit of these privileges. Each party is authorized, for reasons confined in his own bosom, to strike," &c. *Lee vs. Peters,* 6 *G. & J.,* 450.

It will be seen from this opinion of this Court, that the right conferred by the Act was a personal right, and that it was intended to confer upon a certain class of suitors, certain right which the common law had not conferred upon them, but had conferred upon another class, viz., felons.

Could it be the intention of that Act to allow one plaintiff to strike four names from the jury list, and yet compel twenty defendants, (should there be so many to the record,) to unite in *striking four names from said list ?*

*Charles B. Roberts, Attorney-General,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellants who were two of the judges of election in the sixth precinct of the eighteenth ward of the City of Baltimore at the Congressional Election in November, 1886, were indicted for violating the election laws. The indictment contains two counts. The first charges that they wilfully and knowingly received an illegal vote at that election, and the second, that they unlawfully, wilfully and fraudulently certified to the Grand Jury, that they did not know and had no means to believe that any violation of the election laws had been committed at said election, whereas, in truth and in fact, a large number of illegal votes had been cast at said election in violation of said laws, as they then and there well knew.

They first demurred to the indictment, which demurrer the Court overruled. They then moved for a severance, and this motion the Court granted, but on the same day they withdrew this motion and pleaded *non cul.* Upon this plea they were tried together, and the jury rendered a verdict of "guilty."

At the trial a single exception was taken. It appears that when the lists of twenty jurors were furnished to the State's Attorney, and to counsel for the traversers, for each side to strike four names therefrom, the latter claimed the right to strike *eight* names, that is to say four for each traverser, but the Court refused to allow them to do so, and to this ruling they excepted.

The question thus raised though novel in this Court, is entirely free from difficulty. The law upon the subject is very plain. In "all civil cases" tried before a jury, and also "in all criminal cases where the right of peremptory challenge is not allowed," (as it clearly is not in this, the punishment being neither death nor confinement in the penitentiary,) it is provided that twenty persons from the panel of petit jurors shall be drawn by ballot by the clerk under the direction of the Court, and the names of

these twenty shall be written upon two lists, and one of said lists shall be forthwith delivered "to the *respective parties* or their counsel in the *cause,* and the said *parties* or their counsel may *each* strike out *four* persons from the said list, and the remaining twelve persons shall be immediately empanelled and sworn as the petit jury in such *cause.*" *Code, Art. 50, secs.* 9, 13. And this has been the law of the State ever since the Acts of 1797, ch. 87, sec. 9, 1802, ch. 69, and 1809, ch. 138, sec. 14. The language is that the "respective *parties* or their counsel may *each*" do this, not that every or any person may do it. The cause is one and there are two *parties* to it. All who are joined as plaintiffs constitute *one party,* and all who are joined as defendants *the other.* In other words the two parties to a cause are regarded each as an integral *unit* whether consisting of one or several persons. Such is not only the obviously true construction of the language thus used, but it has been sanctioned by the uniform and universal practice of the Courts ever since the statutes were passed. In fact, the whole panel of petit jurors for each term consists of only twenty-five, so that if each individual plaintiff and defendant has the right to strike four out of the list of twenty, it would necessitate the summoning of talesmen in nearly every such case, and thus encumber the administration of justice with almost intolerable delay and expense. Besides, if the law-makers had intended to extend this privilege to each person joined as a party to a suit they would have expressed such intention in clear and unambiguous terms. In reference to peremptory challenges they have said, "The right of peremptory challenge shall be allowed to *any person* who shall be tried on indictment for any crime or misdemeanor, the punishment whereof, by law, is death or confinement in the penitentiary, and to the State on the trial of such indictment; but the *accused* shall not challenge more than twenty nor the State more than four jurors, without

Hamlin and Heintzerling *vs.* State.

assigning cause." *Rev. Code, Art.* 62, *sec.* 18; *Code, Art.* 50, *sec.* 15. We have said the question is a new one in this Court, but wherever it has arisen in the Courts of other States upon similar statutes, the construction we have adopted has been uniformly applied. *State vs. Reed and Goodwin,* 47 *N. H.,* 466; *Snodgrass, et al. vs. Hunt,* 15 *Ind.,* 279; *Stone vs. Segar, et al.,* 11 *Allen,* 568.

It is to be observed that this *privilege* of striking is a very different thing from the common law right to *challenge* the array or polls for favor or cause. This latter right is expressly reserved to "any person" by the statutes referred to. *Code, Art.* 50, *sec.* 10. Hence, to secure the full enjoyment of this privilege, the list, before it is stricken from, should present twenty names beyond the reach of challenge, either as a principal cause or to the favor, and the parties have the right to have their cause of challenge heard and determined upon before the list is drawn from the box. *Lee vs. Peter,* 6 *G. & J.,* 447. It would therefore have been competent for the appellants or their counsel, to have required each juror on the whole panel of petit jurors to be examined on his *voir dire* as to whether he had formed or expressed an opinion as to the guilt or innocence of *either of them,* and whether he was in other respects a competent juror, *before* the list was made out, so that it should present twenty names beyond the reach of challenge for them to strike the four from. But this they did not do. They accepted the list presented to them as containing the names of twenty competent, impartial and duly qualified jurors, and then claimed the right to strike *eight* names (four for each traverser) therefrom. In refusing to allow them to do this, the Court, in our opinion, committed no error.

> *Ruling affirmed, and*
> *cause remanded.*

(Decided 21st June, 1887.)

BRYAN, J., filed the following dissenting opinion:

The Act of 1809, ch. 138, sec. 14, provided that in cases of this description, "the party indicted, or his or her counsel," should have the right to strike four persons from the list of the twenty jurors drawn from the panel. This language according to its natural import gives the right to each individual separately. When two or more are indicted and tried together, they have not a joint interest in the trial; but each one has a separate interest in his own defence. In point of fact their interests are frequently antagonistic, and the acquittal of one can be accomplished only by the conviction of another. As for instance, where two persons are indicted for an affray; if the breach of the peace has been proved, the effort of each traverser would be to show that he was acting in self-defence against the attack of the other. If either were tried alone he would have the right to strike four jurors. The circumstance that he is tried at the same time with another person ought not to deprive him of so valuable a right. The means of securing his own safety are more important to him than ever, when the other traverser's interests are in hostility to his own. Suppose five persons are indicted at the same time, and each one desires to strike from the panel a juror whom he believes to be unfriendly to him, how is the right of striking to be adjusted, if only four are to be struck? It is a very severe construction of the statute to hold that the terms, " the party indicted, or his or her counsel," do not designate each individual person who is indicted; and it is not warranted by the rules which have always been applied to the exposition of statutes relating to crimes and criminal proceedings. In an action at law in a civil suit all the plaintiffs must have a joint interest, and they therefore constitute one party; if a judgment is rendered against the defendants, it must be joint, so all of them make the other party. But each one of the traversers may receive

a punishment of a different degree of severity and, in no case can his punishment be jointly endured by any other person. So, there can be no analogy in this respect between civil and criminal proceedings. In cases where peremptory challenges are allowed it is universally held that each prisoner is allowed the full number of challenges without reference to the others indicted along with him. The statute regulating this right uses the word "person" instead of "party" as used in the statute relating to striking jurors. But the distinction between these two words is rather too attenuated to be made the basis of so important a difference in substantial right.

The section of the Act of 1809, which I have been considering, has been codified, and it appears in the Code as Article 50, section thirteen. The phraseology has been changed, so as to adapt it to its position in the Code, but the meaning is the same. As far as I am informed, there has been no uniform practice in this State in regard to this question. It certainly comes before this Court now for the first time.

I think that the ruling of the Criminal Court ought to be reversed.

(Filed 21st June, 1887.)