# SMITH BECK *v.* STATE OF MARYLAND.

*Criminal Law—Selection of Jury—Presumption on Appeal— Striking Names from Jury List—Prior Examination on Voir Dire.*

It will be assumed on appeal that the action of the court in striking a name from the jury list, "on account of family connection between him and the traverser," was justified by the character of that connection, this not appearing from the record.
p. 617

The record not disclosing how a name, substituted for another name on the jury list, was selected, it will be presumed to have been properly selected. p. 617

The plaintiff or the State, as the case may be, as well as the defendant, is entitled, before exercising the statutory privilege of striking four names from the jury list of twenty, to have examined all persons whose names appear thereon, so as to ascertain any bias or other possible ground of disqualification.
pp. 617-620

Counsel may themselves examine possible jurors, to ascertain their qualifications, only when the court, in the exercise of its discretion, so permits. p. 620

*Decided December 10th, 1926.*

Appeal from the Circuit Court for Caroline County (KEATING and WICKES, JJ.).

Bastardy proceedings against Smith Beck. From a judg-ment and sentence he appeals. Reversed.

The cause was submitted on briefs to Bond, C. J., Patti-son, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*W. Brewster Deen* and *J. Owen Knotts,* for the appellant.

*Thomas H. Robinson, Attorney General, Herbert Levy, Assistant Attorney General,* and *Wesley E. Thawley, State's Attorney for Caroline County,* for the State.

Pattison, J., delivered the opinion of the Court.

The appellant in this case was convicted by a jury in the Circuit Court for Caroline County, upon the charge of bastardy, for which sentence was imposed by the court. It is from that sentence or judgment that the appeal in this case is taken.

When the case was called for trial, the names of twenty persons were, by the clerk of the court, written upon two lists. In accordance with the provisions of sections 13 and 17 of article 51 of the Code of 1924, one of these lists was delivered to the counsel for the State, and the other to the counsel for the defendant, to be used by them in the selection of a jury to try the case.

At the request of the State's attorney, and over the objec-tion of the defendant, the name of Clayton T. Rowe was stricken from the list by the court, and by it the name of another was substituted therefor.

The reason assigned by the court for striking Rowe's name from the list was "on account of the family connection between him and the traverser." To the action of the court in striking Rowe's name from the list and substituting the name of another therefor, an exception was taken by the defendant, which constitutes the first exception.

The court was then asked by the counsel for the defendant that, before striking four of the names from the list, he be allowed to examine on their *voir dire* two of those whose

names appeared thereon, to ascertain whether such persons had formed or expressed an opinion as to the guilt or innocence of the traverser. The court refused to allow the defendant to examine such persons at that time, but said: "The court will permit the examination after the strike and before the jury is sworn." The defendant also excepted to this action of the court, and this forms the second exception.

In the first of these exceptions the name Rowe was stricken from the list, as stated, by the court, "on account of the family connection between him and the traverser." Just what that connection was is not shown by the record, but we will assume that the connection was of such a character that it disqualified him to sit as a juror in the case, and we discover no error in striking the name of Rowe from the list, nor do we find any error in the substitution of another name for the name so stricken therefrom, if it were selected in accordance with the statute, and as the record does not disclose how it was selected, we will likewise assume that it was properly selected.

The sections of the code under which the question presented by the second exception arises have been before this Court for construction in the following cases: *Lee* v. *Peter,* 6 G. & J. 452; *Edelen* v. *Gough,* 8 Gill. 90; *Hamlin* v. *State,* 67 Md. 333, and *Lockhart* v. *State,* 145 Md. 602.

In the first of these cases, *Lee v. Peter, supra,* the question presented was identical with the question under consideration. The statute now under consideration was passed so early as 1797, and as we have said, was before this Court in the early civil case of *Lee v. Peter, supra.* In that case, as shown from the statement of facts as reported, "the plaintiff, before striking the name of any juror from the panel, offered to challenge for cause the polls of the said panel, that is, to show cause of challenge for favor against the several individuals composing the said panel, and prayed the court to have such causes of challenge examined, and tried separately against each poll challenged, according to the legal mode of trying and determining challenges against jurors for favor, and to have such challenges

successively so tried and determined before the striking of
the said panel, so that if any such challenges be sustained,
the said panel may be filled up by further draughts from the
ballot box, or if that should be exhausted by successive chal-
lenges for cause, then from the *tales* until a panel of twenty
competent jurors free from challenge and cause of challenge
for favor, be formed for the parties to strike from. But the
court * * * overruled such motion, and refused to allow any
challenges for favor to the polls of the said panel, until the
same should have been struck by the parties, and the twelve
jurors called to the book to be sworn. * * * The plaintiff
excepted."

The Court in passing upon the question presented by said
exception said "The object of the ninth section of the Act of
Assembly of 1797, ch. 87, was to give to the parties, plaintiff
and defendant, each the privilege of striking, from the list
of twenty jurors, four of the jurors, against whom no cause
of challenge could be established. In express terms, it saves
to the parties the unimpaired enjoyment of the right of
challenge. It is, consequently, the duty of the court, when
required so to do, to extend to suitors the full benefit of both
these privileges. Such is manifestly the policy and intent
of the Act of 1797. Each party is authorized, without any
cause of challenge, for reasons confined to his own bosom, to
strike, from the list of twenty jurors, the four persons whom
he is least willing should sit in judgment upon his rights.
To secure the full enjoyment of this valuable franchise, it is
manifest that the panel, before it is stricken from, should
present twenty names beyond the reach of challenge. Should
a suitor be required to strike from twenty, against some of
whom he believes he has ground of challenge, and is unwill-
ing that they should sit as judges in his case, he has not
the free and uncontrolled power of striking, which the Legis-
lature designed to grant him. If he conceives he has a
principal cause of challenge, he cannot, perhaps, safely rely
on his ability to prove it to the satisfaction of the court.
If a challenge to the favor, it might be unsafe to speculate on
what would be the opinion of the triers. To avoid all risks,

therefore, he might be induced to strike off those whom he believes he has cause to challenge; or if, relying on the sufficiency of his contemplated challenges, he strikes from those to whom they are inapplicable, upon the challenges being adjudged insufficient he may leave upon the jury the four individuals whom, of the whole twenty, he would originally most anxiously have desired should be stricken off. And the reason for such desire, perhaps, may be doubled by the increased prejudice resulting from the causes assigned for challenge. By the denial of the exercise of the right claimed by the appellant, at the time it was insisted on, the party, in effect, may be deprived of all the benefit in striking the jury, which it was the intention of the Act of Assembly to confer upon him. We think, therefore, that the county court erred in refusing to hear and determine the causes of challenge to the polls, made by the plaintiff below, until he had stricken the jury; and for that reason reverse their judgment."

This case was followed by *Edelen v. Gough, supra,* in which it was held that "either party may challenge a juror for cause before he is sworn, whether he has or has not exercised his statutory right of striking four names peremptorily from the panel."

In *Hamlin v. State,* 67 Md. 333, *supra,* a criminal case, in discussing the privilege conferred by the statute of striking from the list, the Court said: "To secure the full enjoyment of this privilege, the list, before it is stricken from, should present twenty names beyond the reach of challenge, either as a principal cause or to the favor, and the parties have the right to have their cause of challenge heard and determined upon before the list is drawn from the box. *Lee v. Peter,* 6 G. & J. 447. It would therefore have been competent for the appellants or their counsel to have required each juror on the whole panel of petit jurors to be examined on his *voir dire* as to whether he had formed or expressed an opinion as to the guilt or innocence of either of them, and whether he was in other respects a competent juror, before the list was made out, so that it should present twenty names

beyond the reach of challenge for them to strike the four from."

In the more recent case of *Lockhart v. State, supra,* which too, was a criminal case, in speaking of the act here involved, the Court said: "By statute the defendants were given the privilege, also accorded to the State, of striking four from a list of twenty jurors drawn from the whole panel. Code, art. 51, secs. 13, 17. Before exercising this right the State and the defendants were entitled to have a preliminary examination for the purpose of securing a list of twenty jurors who were free of any bias or pre-judgment, and as to whom no other ground of disqualification existed."

From the cases cited, it is clear that the learned court below erred in its ruling involved in the second exception. The defendant, before exercising his right or privilege conferred upon him by the statute of striking four names from the list, was entitled to have examined not only the two persons whose names appeared thereon, and who were especially designated by the defendant, but also any and all other persons whose names appeared upon the list, so that the list when presented should contain twenty names beyond the reach of challenge, or, as expressed by Judge Urner in the Lockhart case, "a list of twenty jurors * * * free of any bias or prejudgment and as to whom no other ground of disqualification existed." In deciding that the plaintiff or the State, as the case may be, as well as the defendant, has such right, we are not to be understood as holding that the examination of jurors should be made by counsel and not by the court. It is only when permitted by the court, in the exercise of its discretion, that counsel may examine such jurors. *Handy v. State,* 101 Md. 39; *Whittemore v. State,* 151 Md. 309.

For the reasons stated the judgment appealed from will be reversed.

*Judgment reversed, and new trial awarded.*