STATE OF MARYLAND, FOR THE USE OF CHARLES H. MILLER, SR., *v.* MAUD M. WELSH.

[No. 27, January Term, 1931.]

*Decided March 20th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*W. LeRoy Ortel* and *H. Mortimer Kremer,* for the appellant.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

In a suit at law for damages from death by negligence, the trial court denied a motion made by the plaintiff, now appellant, before striking any names from a list of twenty jurors supplied him, to examine the entire panel of jurors to ascertain whether cause for disqualification of any of them existed. In answer to a question by the court, the appellant announced that the purpose of the examination would be to ascertain whether any of the panel were acquainted with the parties. The court then denied the motion, and, instead, asked, after the parties had struck from the list, whether any of the remaining twelve jurors were so acquainted with the parties. That action is the sole ground of appeal from a judgment for the defendant.

Either party has a right to have a list of twenty names of qualified persons supplied to him for striking off four, and as a means of ascertaining the existence of any ground of disqualification has a right to have the members of the full panel examined on their *voir dire.  Lee v. Peter,* 6 G. & J. 447, 452; *Edelen v. Gough,* 8 Gill, 87, 90; *Hamlin v. State,* 67 Md. 333, 337, 10 A. 214, 301; *Lockhart v. State,* 145 Md. 602, 613, 125 A. 829; *Beck v. State,* 151 Md. 615, 617, 135 A. 410; Code, art. 51, sec. 13. "Each party is authorized, without any cause of challenge, for reasons confined to his own bosom, to strike from the list of twenty jurors, the four persons whom he is least willing should sit in judgment upon his rights. To secure the full enjoyment of this valuable franchise, it is manifest that the panel, before it is stricken from, should present twenty names beyond the reach of challenge, * * * We think, therefore, that the county court erred in refusing to hear and determine the causes of challenge to the polls, made by the plaintiff below, until he had

stricken the jury." *Lee v. Peter, supra.* But the examination which the party is thus entitled to have made is only a means to the end of ascertaining the existence of cause for disqualification, and is not permitted for any other purpose. And here examination was demanded to ascertain facts which would not be cause for disqualification. Acquaintance of prospective jurors with parties does not disqualify them from serving in cases involving those parties. See *Whittemore v. State,* 151 Md. 309, 316, 134 A. 322. The appellant restricted the purpose of the motion to an irrelevant inquiry, one for which the right of examination is not intended; and there is no error in overruling a motion directed to such an end.

*Judgment affirmed, with cost to the appellee.*