(Decided 16th December, 1880.)

## GEORGE W. BISHOP and ISAAC W. M. HELM *vs.* THE STATE OF MARYLAND.

*Construction of Art.* 30, *sec.* 24, *of the Code—Forgery of an Endorsement on a Certificate of Baltimore City Stock— Proof of Guilty Knowledge.* ·

A certificate of indebtedness issued by the Mayor and City Council of Baltimore, known as City Stock, is a bond within the meaning of sec. 24 of Art. 30 of the Code, relating to forgeries.

An endorsement of such a certificate with fraudulent intent, may be a forgery within the meaning of the statute, though the certificate

Bishop and Helm *vs.* The State.

is upon its face transferable only at the Mayor's office in person or by attorney. This provision is for the protection of the corporation.

Where the appellants were indicted not only for forging the endorsement of K. on the bond set out in the indictment, but also for uttering the same knowing it to be forged, to prove guilty knowledge, it was competent for the State to show that on or about the time of the forgery charged in the indictment, the appellants held and uttered similar forged instruments.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*F. X. Ward* and *Charles Marshall,* for the appellants.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellants were indicted jointly for forging and uttering a certain endorsement on a bond of the Mayor and City Council of Baltimore, showing an indebtedness to one Frederick M. Ketchum, Jr., in the sum of $18,400, redeemable on April 15th, 1900.

The indictment was framed under sec. 24, Art. 30, of the Code, which provides among other things, "that any person who shall falsely make or forge, or willingly aid or assist in falsely making or forging any bond or writing obligatory, or any endorsement or assignment of any bond or writing obligatory, with intention to defraud any person, or who shall utter or publish as true any such forged bond, writing obligatory or endorsement, shall be deemed to be a felon."

To support the charge thus made in the indictment, the State offered in evidence the following instrument of writing: "No. 120—City of Baltimore—$18,400, six per cent—City Hall stock:—

"This is to certify, that the corporation of the City of Baltimore, is indebted to Frederick M. Ketchum, Jr., in the sum of eighteen thousand four hundred dollars, redeemable on the fifteenth day of April, 1900, on the presentation and surrender of this certificate, with interest thereon in the meantime, at the rate of six *per centum per annum,* payable quarterly, on the first days of January, April, July and October, in each year, and is only transferable at the Mayor's office in person or by attorney, and on the delivery of this certificate to the transferee.

"Stamped on its face in blue ink: 1900. This certificate is issued in accordance with an ordinance of the Mayor and City Council, No. 37, approved April 15, 1870, and by a majority of the legal voters at the election held April 21st, 1870.

"In witness whereof, I, the Mayor of the City of Baltimore, have hereunto set my hand and affixed the seal of the said corporation, this ninth day of March, in the year of our Lord eighteen hundred and seventy-two.

"JOSHUA VANSANT, *Mayor.*

"Countersigned and registered by

JOHN A. ROBB, *Register.*

"Endorsed: Frederick M. Ketchum, Jr., July 19, 1876.

"Transfer to the Metropolitan Savings Bank of Baltimore.......... ....... ...................................................$10,000

8,400

"Frederick M. Ketchum, Jr.　　　$18,400

"*Witness:* R. T. Jefferson.

Frederick M. Ketchum, Jr."

To the admissibility of this paper in evidence, the appellants objected on the ground that it is not a bond, and does not tend therefore to support the charge laid in the indictment. And this involves the inquiry as to what constitutes a bond? All the authorities agree that the law does not require any particular set form of words as essentially necessary to create a bond. As a general rule it may be said, that any instrument under seal, whereby the party from whom the security is intended to be taken, obliges himself to pay a certain sum of money at a day specified, will constitute a bond, 2 *Black. Com.*, 340, or as laid down by MATTHEW BACON, "any words which declare the intention of the party, and denote his being bound will be sufficient." Therefore, he says: "If a man useth this form of words, viz: *This bill witnesseth that I, A. B., have borrowed £10 of C. D.*, or thus, *Memorandum, all things reckoned and accounted between A and B, A acknowledges himself indebted to B ten pounds;* all these forms are good, and shall effectually bind the party and his executors as if the most formal words were made use of, provided the writing be sealed and delivered." *Bacon's Abr. Obligations, (B.)*

Now if the paper offered in evidence is to be tested by these well settled principles of law it possesses, it must be admitted, all the essentials necessary to constitute a bond. By it, the corporation of Baltimore acknowledges itself indebted to Frederick M. Ketchum, Jr., in a certain sum, to wit, $18,400, to be paid at a certain time, namely, the 15th day of April, 1900, and the obligation is signed by the Mayor, and sealed with the seal of the corporation.

In addition to this, it appears upon the face of the paper itself, to have been issued under the authority of Ordinance No. 37, of the Mayor and City Council of Baltimore, approved April 25th, 1870. This ordinance authorized the Register to issue bonds of the City of Baltimore, of the particular character of the instrument

of writing, upon which the endorsement was alleged to have been forged for the purpose of building the City Hall, and the ordinance was passed under the authority of the Act of 1870, chap. 363, which authorized the Mayor and City Council to issue bonds for that purpose.

It is clear, therefore, that the General Assembly and the Mayor and City Council intended to affix, and did affix the designation of bonds to the instrument of writing which they thus respectively authorized to be issued. And independent altogether of this, it is clear, that the paper is upon its face and by its terms a bond or obligation, such as is recognized by law.

The State then offered to prove, that the name of Frederick M. Ketchum, Jr., appearing on the back of said bond was not in the hand-writing of said Ketchum, and was not written on said paper by him or by his authority, and to the admissibility of the evidence thus offered, the appellants objected.

In support of this objection it is argued, that there can be no such endorsement or assignment of a bond within the meaning of the Code, unless the endorsement or assignment transfers to the holder the right to collect or receive the amount due on the bond, and that inasmuch as the bond in question was upon its face transferable only at the Mayor's office in person or by attorney, the endorsement of the name of Ketchum on the back thereof, was not an endorsement of the bond within the meaning of the statute. The argument if sound goes to the extent of maintaining that there could be no such a thing as the forgery of the endorsement or assignment of the bond in question, unless such forgery be in the nature of a power of attorney, because the bond was transferable only by power of attorney. And this too in the face of the statute, which punishes the forgery of an *endorsement* or *an assignment of a bond,* and in face too of the law, which declares, that any one who shall "*fraudulently* make any writing to

the prejudice of another, shall be deemed guilty of for-
gery." 4 *Black. Com.*, 248; 2 *East's Crown Law*, 852;
*R. vs. Reston, L. R.*, 1 *C. C.*, 200; *R. vs. Crocker*, 2 *Leach*,
987.

If the endorsement on the back of the bond set out in
the indictment, was written by the appellants, with a
*fraudulent intent*, and such endorsement operated to the
prejudice of the rights of others, such an endorsement
constitutes forgery within the statute. The provision in
the bond in regard to the manner of its transfer, was for
the protection of the city authorities. This was decided
in *Gade's Case*, 2 *East C. L.*, 874, where the prisoner was
indicted for forging a transfer of a share in the 3 per
cents., and the objection was made in that case as in this,
that the transfer was not *attested* as required by the
printed transfers of the bank, but BULLER, J., in delivering
the opinion of the Judges said, "that the entry and sig-
nature as stated in the indictment were a complete trans-
fer without the attestation of witnesses, which was no
part of the instrument, but only required by the bank for
their own protection, *ex abundanti cautela.*" There was no
error therefore in the ruling of the Court in this excep-
tion.

The third and fourth exceptions present substantially
the same question. After proving that the endorsement
on the back of the bond was made without the authority
of Ketchum, the obligee, the State proved that the appel-
lants deposited said bond with the Metropolitan Savings
Bank as collateral security for a loan of ten thousand
dollars, and that at the instance of the bank, they went
to the office of the City Register, and had the bond divided
into two, one for ten thousand dollars which they sold to
the bank, and one for *eight thousand and four hundred
dollars*, which was found afterwards in the possession of
the First National Bank, upon which was written also
the endorsement of Ketchum. To prove that the endorse-

ment thereon was a forgery, the State offered in evidence the said bond of $8400.

In the fourth exception the State proved that on or about the time of the forgery of the endorsement of the bond set out in the indictment, the appellants deposited with one Rosenburg, *another bond* of the City of Baltimore of like character, as collateral security for money loaned by Rosenburg to them. And to prove that the bond thus deposited with Rosenburg bore the name of Ketchum, the obligee, and that said name was forged, offered in evidence the bond itself.

The appellants were indicted not only for forging the endorsement of Ketchum on the bond set out in the indictment, but also for *uttering the same,* knowing it to be forged. To prove *guilty knowledge,* it was competent for the State to show that on or about the time of the forgery charged in the indictment, the appellants held and uttered similar forged instruments. *R. vs. Ball, R. & R.,* 132; *R. vs. Hough, R. & R.,* 120; *R. vs. Moore,* 1 *F. & F.,* 73; *R. vs. Salt,* 3 *F. & F.,* 834.

In *Whilly vs. Harris,* 2 *Leach,* 983, Lord ELLENBOROUGH said:

"This point is not new; it was reserved in *King vs. Tattersall,* which was tried before CHAMBRE, J., in Lancaster in 1801, and received the collective voices of all the Judges." So in *Rex vs. Hough, Russ. & R.,* 120, where the prisoner was indicted for forging and uttering with guilty knowledge, a bill of exchange purporting to be drawn upon a certain banking house, it was held that other forged bills on the same house, which were found upon the prisoner at the time of his arrest, were admissible to prove guilty knowledge.

Such evidence is not admitted for the purpose of proving such other offences, but simply to afford a reasonable presumption as to the guilty knowledge of the prisoner in regard to the offence of which he is charged.

1 *Phillips on Evidence, Cowan, Hill and Edwards' notes,*
771.

Finding no error in the rulings below, they will be
affirmed.

> *Judgment affirmed, and*
> *case remanded.*

(Decided 16th December, 1880.)