## WARD *v.* STATE

[No. 207, September Term, 1958.]

*Decided April 16, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Roy F. Emery* for the appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General,* and *T. Hunt Mayfield, State's Attorney for Howard County,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Ward, the appellant, was convicted by the court, sitting without a jury, of forging and uttering a worthless check. He asks us to reverse on the claims that testimony as to his having uttered another worthless check should not have been received and that the evidence was insufficient to support the verdict.

Ward was stopped by the police while driving his car. He tendered the police a driver's license in the name of Charles Anthony Foley and under that name was tried and convicted by the magistrate for violations of the motor vehicle laws. In his car were found an ink pad, two impression stamps, one that imprinted dates and the other a so-called border stamp, and a checkbook in which was a check on the Carroll National Bank of Westminster made out to Charles A. Foley, signed John R. Mason, indorsed Charles A. Foley, and on which was a red bordered stamp imprint. Inside the red borders were the date May 22, 1958, the word "certified", and the word "teller" with the initials S. W. before it. In Ward's room was found a stamp handle which fitted into the back of the border stamp found in his car.

The check which Ward was charged with forging and uttering was cashed by the Patapsco Pharmacy in Ellicott City, was identical, even as to amount, with the check found in the car, and was returned marked "no such account." Those at the pharmacy could not recall who presented the check or the circumstances, except that a bottle of scotch whisky was bought with it.

Tepper, the owner of a Baltimore liquor store, testified that in May 1958 (apparently a few days before the cashing of the check in the Patapsco Pharmacy), Ward had presented him a check which he had cashed (a check which was identical with the Patapsco Pharmacy check and the one found in Ward's car, except as to amount), and which also was returned marked "no such account." He had picked Ward out of a lineup at the Howard County jail as the man who cashed the check.

There was expert testimony that the imprints on the checks were made by the stamps found in Ward's car.

Ward at one time told police that the check in the automobile was given him for services as a carpenter by the maker Mason, who, he said, was a well known contractor in Westminster. Ward testified that Foley was a friend of his, although he did not know where he lived, or could be found, and that the ink pad, stamps and checkbook must have been left by Foley in his car. He denied forging or cashing any check. Intensive search by the police could not turn up either Mason or Foley although a witness for Ward testified that he knew Foley.

The testimony of Tepper as to the check he had cashed was admissible. An accused must be convicted by evidence which shows that he is guilty of the offense charged; and, under ordinary circumstances, evidence that he has done other acts which constitute a crime has no relevance towards showing that he did that with which he is presently charged. If, however, the evidence of another offense has a natural tendency to establish, or offers a reasonable presumption or inference as to, a principal fact at issue or matter in dispute, it should be admitted even though it discloses other offenses. *Wilson v. State*, 181 Md. 1, 3; *Hitzelberger v. State*, 174

Md. 152, 161. This Court said in *Purviance v. State,* 185 Md. 189, 196: "While guilt cannot be established by proving that the defendant has committed other crimes, it is firmly established that evidence of acts may be admitted to show motive, intent, absence of mistake or accident, a common scheme, or identity embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other."

The evidence as to the cashing of an identical check at Tepper's liquor store, at about the same time as the cashing of the check which was the basis of the charges for which Ward was being tried, was relevant on the element of guilty knowledge in uttering the check, on the issue of a scheme or plan to cash a series of identical forged checks to obtain whisky and money from various merchants and on the question of identity. *Bishop v. State,* 55 Md. 138; *Bell v. State,* 57 Md. 108; *Lyman v. State,* 136 Md. 40; *Mazer v. State,* 212 Md. 60, 67; 1 Underhill, *Criminal Evidence,* Secs. 210 and 212; Annot., "Admissibility, in Forgery Prosecution, of Other Acts of Forgery," 34 A. L. R. 2d 777, 794, 798, 804.

The appellant argues that weaknesses and inconsistencies in the State's case, revealed in part by an inaccurate summation of certain testimony by the trial judge, show that the evidence was insufficient to support the verdict. Under Maryland Rule 741 c, the verdict of the trial court is not to be set aside on the evidence unless "clearly erroneous." We do not weigh the evidence *de novo.* If there were proven facts, which, of themselves or as the bases of reasonable inferences, were enough to allow the trier of fact to be convinced beyond a reasonable doubt, the judgment must be affirmed. *Floyd v. State,* 205 Md. 573, 582; *Clay v. State,* 211 Md. 577. There were enough such facts proven below.

*Judgment affirmed.*