## STOKES *v.* STATE

[No. 33, September Term, 1959.]

*Decided October 16, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard A. Orman,* with whom was *Milton R. Rothstein*
on the brief, for appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom
were *C. Ferdinand Sybert, Attorney General, Saul A. Harris,
State's Attorney for Baltimore City,* and *Thomas C. Nugent,
Assistant State's Attorney for Baltimore City,* on the brief, for
appellee.

PER CURIAM.

The only contention made by the defendant on this appeal
is that the evidence was insufficient to sustain his conviction.
He was tried and found guilty by the Criminal Court of Balti-
more, sitting without a jury, on a charge of manslaughter by
automobile. Our function in reviewing the determination of
such a question of fact by a trial judge is to decide whether
or not the evidence, and proper inferences therefrom, were
sufficient to warrant that judge in reaching the conclusion
that the defendant was guilty beyond a reasonable doubt.
*Basoff v. State,* 208 Md. 643, 119 A. 2d 917; *Ward v. State,*
219 Md. 559, 150 A. 2d 257.

In this case there was evidence to show that the defendant's
car first struck a somewhat glancing blow against a car which
had stopped on a city street long enough to discharge a pas-
senger, that the defendant swerved his car to the left, that
as the defendant passed the stopped car, his car struck the
deceased, that the impact threw the deceased's body a distance
of seventy feet, that the defendant's car laid down skidmarks
of eighty-six feet, and that the defendant had been drinking
wine prior to the accident and that its effects immediately
after the accident were noticeable. Even though the deceased's
negligence in attempting to cross the street in the middle of
the block and the fact that he had been drinking very likely
contributed to the fatality, we think that the evidence was
sufficient to warrant the conclusions that the defendant's

negligence was a contributing cause of the death of the victim of the accident and that the negligence of the defendant amounted to gross negligence. We therefore cannot find that the trial court was clearly in error in so concluding. See *Duren v. State,* 203 Md. 584, 102 A. 2d 277; *Clay v. State,* 211 Md. 577, 128 A. 2d 634.

*Judgment affirmed.*