## BICHELL *v.* STATE

[No. 212, September Term, 1959.]

*Decided May 17, 1960.*

The cause was argued before BRUNE, C. J., HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Stanley J. Schapiro* for the appellant.

The Court declined to hear argument for the appellee.

C. Ferdinand Sybert, Attorney General, Joseph S. Kaufman, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City, and Dene L. Lusby, Assistant State's Attorney for Baltimore City, on the brief, for the appellee.

PER CURIAM.

Robert Edward Bichell (Bichell or defendant), claiming prejudicial error in certain rulings on the evidence and that the evidence as a whole was insufficient to sustain his conviction for conspiracy to commit larceny, seeks a reversal of the judgment and a new trial.

On August 14, 1959, at about 12:30 a.m., two Baltimore City police officers apprehended three men who had been tampering with parking meters on St. Paul Street. A further investigation disclosed that other meters in the vicinity had been opened with a key. None had been damaged. Coins were found scattered on the floor of the automobile they had been driving and there was a bag of coins in the rear of the vehicle. One of the men had several dollars in nickels in his possession. A "pronged key instrument" was also found in the automobile and a second key capable of unlocking the meters was found on the pavement nearby where it had been dropped or thrown. The officers took the three men to the apartment of one of them, where a fourth man and two women were found. No evidence was discovered there. The six were arrested and subsequently charged along with the defendant Bichell, who surrendered himself through his attorney ten days later.

Several of the witnesses, some of them co-defendants, testified that the defendant knew of the larcenies, that he had participated in planning them, that he had made the keys used to open the meters and that he had shared in the money taken. The defendant's motion for a directed verdict was overruled. There was ample evidence to support the ruling. The knowledge, planning, key-making and sharing in the take, ascribed to Bichell by several witnesses, showing as it did a connection with the common scheme or design to steal, was, if believed, sufficient to sustain the conclusion the trial court reached that

the defendant had participated in the conspiracy. *Piracci v. State,* 207 Md. 499, 115 A. 2d 262 (1955). Since we cannot say the court was clearly erroneous, we must affirm. Maryland Rule 741c.

Nor do we find the trial court erred when it refused to strike out the answer to a question propounded by it concerning the area in which the pilfered parking meters were located. The objection made by one of the defendants—not Bichell—was based on the lack of responsiveness in the answer rather than the relevancy of the question asked. Since there was a probability of a connection between the area described and the defendants, the evidence was admissible. *Braxton v. State,* 214 Md. 370, 135 A. 2d 307 (1957).

The trivial objection raised now for the first time that the court erred when in another question asked of a witness it referred to the defendant as "him" rather than "they," not having been seasonably preserved below, was waived and may not be considered here. Rule 522 d 2.

*Judgment affirmed.*