540

## OUZTS *v.* STATE

[No. 281, September Term, 1960.]

*Decided June 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, HORNEY and MARBURY, JJ.

*Milton B. Allen,* for appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Mary Arabian,
Assistant Attorney General, Saul A. Harris* and *John W.
Sause, State's Attorney* and *Assistant State's Attorney,* re-
spectively, for Baltimore City, on the brief, for appellee.

PER CURIAM.

On June 5, 1959, at approximately 2:20 A.M., Mrs. Bev-

erly Pistorio was assaulted while passing an areaway at the southwest corner of Monument Street and Linwood Avenue in Baltimore City. The appellant, Eddie Ouzts, was found guilty of the assault by a jury in the Criminal Court of Baltimore. Thereafter he was granted a new trial. He was subsequently tried before Judge Prendergast, sitting without a jury, and was again convicted; and on this occasion he was sentenced to four years in the Maryland Penitentiary. He appeals, contending that the trial court erred in finding him guilty because its finding was based in part upon a misapprehension of one of the physical facts in the case.

His contention is essentially that, but for the trial court's erroneous belief that a cap, which was admittedly the defendant's, had been found at the place where a suspect fleeing from the scene of the assault was last seen by pursuing witnesses, the judge, as the trier of the facts, would not or, at least, might well not have deemed the identification of the appellant sufficient to warrant his conviction. Actually the place where the cap was found was about four or five blocks from the point where the pursuers lost sight of the suspect, but it was on a direct route from that point (Eager Street and Kenwood Avenue) to the appellant's home at 913 N. Chapel Street, which is less than one block south of the intersection of Eager and Chapel Streets. He was arrested at his home a little later that night (or early morning). The error as to the identity of locations seems trivial in the light of this fact and of the other evidence in the case. This included: identification of the defendant by the victim, testimony of the pursuing witnesses, who had been in a car less than a block away, that they heard the screams of the victim, and then drove to the scene of the attack and saw a man fitting the description of the appellant as to physical appearance and clothing come out of the areaway, hesitate, put something under his arm and then run, that they pursued him for about two and a half blocks (to Kenwood Avenue and Eager Street) and then lost sight of him; evidence that the car parked at the point of the attack with its door open and engine running belonged to the defendant's father, that the

defendant had the use and custody of it, and that the key found in the ignition fitted into a key holder in the possession of the defendant. In addition, the trial judge found the defendant's explanation of the presence of the car at the point of the attack not believable and his explanation of how his cap came to be found on Eager Street quite unsatisfactory. The doubt which the appellant seeks to cast upon his identification rests partly upon the fact that the victim did not identify him at a police line-up shortly after his arrest, which occurred on the night of the attack. Her explanation was that she did recognize him, but did not identify him because of fear of what her husband would do to him. The trial judge considered this explanation "a bit unusual but * * * not inconsistent with human behavior." He was satisfied with her identification of the defendant, whom she had seen shortly before the attack when he drove his car so as to cut her off from crossing a street and had inquired of her as to the location of another street and had then driven on. The attack occurred several blocks from the point of that inquiry.

Questions of fact and credibility were, of course, primarily for determination by the trier of the facts, and we find no basis for holding his conclusion erroneous. It seems to us to make no real difference whether the cap of the fleeing appellant was found at the spot where he was last seen by the pursuing witnesses or at a place between that spot and his home where he was arrested a little later. The error as to the exact spot along the defendant's route where the cap was found does not appear to have been raised in the trial court (cf. *Bichell v. State,* 222 Md. 418, 421, 161 A. 2d 116, cert. den., 364 U. S. 872); but even assuming the point to be properly before us, the error, we think, was of no real significance and did not render the judge's ultimate conclusion "clearly erroneous." The judgment must accordingly be affirmed. Maryland Rule 741 c. Cf. *Ward v. State,* 219 Md. 559, 563, 150 A. 2d 257.

*Judgment affirmed.*