### BAFFORD *v.* STATE

[No. 323, September Term, 1963.]

*Decided May 8, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Douglas G. Bottom* for the appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *Gerard V. Caldwell* and *John B. Howard, Assistant State's Attorneys,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

Appellant Bafford was convicted by a judge sitting without a jury in the Circuit Court for Baltimore County on all counts of a three count indictment charging him with forgery, uttering, and false pretenses, respectively, arising from the cashing of a check in Baltimore County. From a verdict of guilty on all counts and a sentence of five years in the Maryland Penitentiary this appeal was taken. The appellant challenges the sufficiency of the evidence as to each charge, and particularly the sufficiency of the evidence that the forgery occurred in Baltimore County.

On March 25 or 26, 1963 the store manager of a supermarket in Baltimore County cashed a check in the amount of $211.24, dated March 25, 1963, drawn on the Maryland National Bank by the Baltimore Gas and Electric Company and made payable to one Harry L. Freeze, whose address was 832 Washington Boulevard, Baltimore 30, Maryland. When presented the check bore two endorsements, purportedly that of Mr. Freeze and that of the appellant Bafford. The manager's request for identification was fulfilled when the person presenting the check submitted a driver's permit. The permit was Bafford's and the number was recorded on the back of the check. However, the manager testified that he could not identify by sight the person who gave him the check.

The payee, Mr. Freeze, had never received the check although it had been mailed to him, and thus he had not executed the endorsement thereon purporting to be his. Both Freeze and Bafford lived at the address shown on the check, Bafford on the floor below Freeze. Bafford had on prior occasions handed Freeze his mail which the postman had left in the building.

Sergeant Tremper of the Baltimore County Police Department investigated the case and as a result obtained a warrant for Bafford's arrest. Upon apprehension Bafford admitted the signature on the check looked like his handwriting, but denied cashing it. He voluntarily gave Sergeant Tremper specimens of his handwriting, and these thereafter were submitted, together with the check, to Captain Nelligan of the Baltimore City Police Department for analysis. His conclusion was that Bafford had prepared both endorsements appearing on the back of the questioned check. In addition, Sergeant Tremper investigated the driver's permit issued to Bafford and found it bore the same number as that written on the back of the forged check by the store manager at the time of its presentation.

Though circumstantial, the evidence which the court could have believed was sufficient to support the conviction of forging and uttering under Code (1957), Article 27, Section 44. The testimony of Captain Nelligan, whose qualifications as a handwriting expert were not challenged, the judge found to be highly persuasive. His testimony was quite detailed and thorough, and there was nothing to show he was not a dispassionate witness. Added to this was the fact that Bafford, living in the same house as Freeze and having access to his mail, had an obvious opportunity to intercept the check. Further, there is the fact that Bafford's driver's permit was used as identification in cashing the check. Though he claimed to have lost it the trial court was justified in disbelieving him. To have believed appellant would have required the court to accept as coincidences the simultaneous loss of the already forged check and a finding of both it and the permit by one who would take this advantage to commit a crime. See *Ward v. State,* 219 Md. 559, 150 A. 2d 257, where a conviction of forgery and uttering a check based on circumstantial evidence was affirmed.

Section 142 makes it unlawful, inter alia, for one fraudulently to obtain money from another by presenting for payment a check drawn either by himself or another upon a bank not indebted to the drawer. It was undisputed in this case that the drawer (Baltimore Gas & Electric Co.) had sufficient funds in the bank (Maryland National Bank). Moreover, the payee (Mr. Freeze) was a real person, and the check, before the

fraudulent endorsements by Bafford, was a perfectly valid instrument. Therefore a conviction under section 142 was not proper in this case.

The contention that venue was improperly laid is without merit. The plea of not guilty entered waived any objection to venue. Maryland Rule 725 b. *Kisner v. State,* 209 Md. 524, 122 A. 2d 102. See *Medley v. Warden,* 210 Md. 649, 652-653, 123 A. 2d 595, citing 1 *Wharton, Criminal Evidence* (12th ed.), § 92 to the effect that in the absence of contrary evidence it may be presumed that the forgery took place where the forged instrument was first uttered by the defendant or was found in his possession. Appellant has not overcome that presumption on the record before us.

Since the lower court sentenced Bafford generally to five years imprisonment, and since this sentence exceeds no permissible maximum under any one of the three counts of which he was found guilty, there is no reason to remand the case.

*Judgment on Counts One and Two affirmed; judgment on Count Three reversed.*