OWENS *v.* STATE

[No. 84, September Term, 1964.]

*Decided October 23, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-MOND, PRESCOTT, HORNEY and SYBERT, JJ.

*George L. Russell, Jr.,* with whom was *Rickard K. Jacobsen* on the brief, for appellant.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *George J. Helinski, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PER CURIAM.

In this narcotics case the appellant argues that it was the duty of the State to produce the informer at the trial. The State furnished to the appellant the name and last known address of the informer. The fact that neither the State nor the accused was able to locate the informer, despite several postponements, does not vitiate the trial. There is no suggestion that the State sought to suppress any information in its possession, or to conceal the whereabouts of the witness.

We think the evidence supports a finding that the appellant was acting on his own behalf or that of the supplier, and not as an agent of Officer Clark or the informer, in making the sales. *Snead v. State,* 234 Md. 63, 66. In any event, the counts for possession would support the verdicts and sentences. *State v. Brown,* 235 Md. 401; *Bafford v. State,* 235 Md. 41.

*Judgment affirmed.*